# SUPREME COURT.

## Moore, &c., agt. Calvert.

The Code, by allowing the motion to *discharge from arrest* to be made any time
   before the justification of *bail*, shows that if it was intended to restrict the
   right to make the motion to that period, it was to be so restricted only in cases
   where bail was given, and *in existence* at the time of the motion—not where
   the bail were discharged, nor where they had surrendered the defendant, nor
   where he had been charged in execution by the plaintiff.

Where, on a motion to discharge the defendant from arrest, it appeared that the
   plaintiff, when he procured the order for arrest, swore to the fraudulent acts
   of the defendant *as of his personal knowledge*, and it turned out that these
   acts and conversations of the defendant, (in making a purchase of goods,)
   which were alleged to be fraudulent, were made with a clerk of the plaintiff,
   and by him communicated to the plaintiff, who also relied on a personal
   recommendation of the defendant from the clerk, *held*, that the defendant be
   discharged.

Moore, &c., agt. Calvert.

It is of great importance that the original affidavit, upon which an order of arrest is granted, should be candidly and carefully drawn, and state correctly what is alleged on information, and what on deponent's personal knowledge.

*New-York Special Term, Feb.* 1854.—A motion is made to discharge the defendant from custody under an execution.

When the action was commenced an order of arrest was made, and the defendant gave bail, and the bail being excepted to, justified. The complaint at first alleged the purchase of goods by the defendant, and that the purchase was made on fraudulent representations. After the bail justified, the charge of fraud was struck from the complaint, and the defendant then made no defence, and judgment was taken against him as on contract merely; and an execution was issued against his person founded on the order of arrest and the affidavits then made, and he was committed to prison. He now applies for his discharge.

> CLARK & REED, *for motion.*
> B. F. DUNNING, *opposed.*

MITCHELL, Justice. The Code, § 204, says, that a defendant arrested may, at any time before the justification of *bail,* apply on motion to vacate the order of arrest. In Barber agt. Hubbard (3 *Code R.* 167, 171) this court held that such a motion may be made, when bail do not justify, after the time for justification of bail had expired; and expressed the opinion that if the defendant was at large on bail, and then took another step in the cause which, from its nature, assumed that it was proper to require bail—as by causing the bail to justify— that might be considered a waiver of the objection to being held *to bail;* but distinguished this from the case of a defendant lying in jail.

The Code, by allowing the motion to discharge from arrest to be made any time before the justification of *bail,* shows that if it was intended to restrict the right to make the motion to that period, it was to be so restricted only in cases where bail was given—as the justification of bail is the test—it could not apply where no bail was given. It may also be inferred that

it was intended to be restricted only to cases where bail were in existence at the time of the motion, as bail with the liabilities of bail—not where they were discharged and ceased to be bail—and therefore not where they had surrendered the defendant in exoneration of themselves, or where he had been charged in execution by the plaintiff, and they were thus discharged by the act of the plaintiff. While the plaintiff allowed the defendant to be at large in custody of his bail only, the defendant (if his bail had justified) could not make this motion; but as soon as the bail, by their act or the act of the plaintiff, ceased to be liable as bail, and the defendant ceases to have the benefit of their assumption for him, then the defendant's rights are restored as if there had been no bail. A different rule might compel a defendant to lie in jail during a long litigation, and even after the end of it, when he was in reality not guilty of any wrong, simply because he had once put in bail. It is not too late, therefore, to make this motion.

As the commitment on the execution is founded only on the facts alleged as the ground for the order of arrest, these facts are now to be examined in the same manner as if the motion were to discharge from arrest.

The order of arrest was made on affidavits of Moore, one of the plaintiffs, and of Ely, their clerk. Moore stated, not on information or belief, but as if it were a matter within his knowledge, what representations the defendant made to the plaintiffs as to his circumstances, and then stated the representations as made to the plaintiffs themselves; and to make it appear still more certain that these matters were within his own knowledge, he concluded his affidavit by stating that the facts about the assignment afterward made by the defendant, and all *subsequent* matters, he derived from Ely.

Ely then swore that the affidavit of Moore was true of his own knowledge; but went on to specify that he saw the assignment, and that the defendant then stated the matters set forth in Moore's affidavit as occurring subsequent to the assignment. This specification, taken in connection with Moore's affidavit, would confirm the opinion that Moore intended to swear as of

Moore, &c., agt. Calvert.

his own knowledge as to the representations made at the purchase of the goods.

The defendant now shows that he never conversed with the plaintiffs on the subject of his circumstances; and the plaintiffs and Ely now admit such to be the fact, and say that the conversation was with Ely, and by him communicated to Moore. This is so contrary to the representations made in the first affidavits, that it ought not to be received. It is of exceeding importance that the original affidavits, on which the order of arrest is made, should be candidly and carefully drawn, and state correctly what is alleged on information and what on the deponent's personal knowledge. The order of arrest is granted *ex parte*, without hearing the defendant, and may put him to very serious inconvenience; and it would properly be refused if it were perceived that facts stated as if known to the deponent were known only on information.

The defendant here has disproved the plaintiffs' case as he chose to make it at first, and has no opportunity now to meet the new statement of the plaintiffs and their clerk, giving a *new face* to the transaction.

James Calvert also swears, in substance, that Ely said the purchase was made on his (Ely's) *knowledge* of Calvert alone. Robert Calvert confirms this, and also says that *Moore* said he would not have sold to the defendant if he had had his own way, as he knew nothing about him except what Ely *said* about him, not what Ely told him the defendant had said about himself; and it also appears that Ely wrote to the defendant requesting him to come to the plaintiffs' store and buy of them. The defendant did not seek them out; they, through their clerk, sought him as a buyer.

The defendant should be discharged from custody, he stipulating not to bring any action for false imprisonment; and he should have $10 costs of the motion.