## SUPREME COURT.

Isaac E. Dreyfus *et al.* agt. Jacob D. Otis *et al.*

*Order of arrest — Proof necessary to procure order — Code of Civil Procedure, section 557.*

To authorize an order of arrest facts, not circumstances, must be stated. An *affidavit* for obtaining an *arrest* is defective in stating the principal matters on *information and belief*. Where such facts are not within the actual knowledge of the plaintiff or his witnesses, *information* may be stated, but the *sources* of such information *must* also be stated.

The affidavit must contain all the essential facts from which the court can draw the conclusion, not only that a cause of action, but that a right to an order of arrest exists.

*Special Term, December,* 1877.

Motion to vacate order of arrest.

*Rodman & Adams,* for motion.

*D. M. Porter,* opposed.

On argument of the motion the following memorandum was filed December 10, 1877:

Lawrence, *J.* — If Otis was not a partner of Lagrave, the plaintiff has no cause of action against him. The allegation that the defendants were partners is made by the plaintiffs on information and belief, and the sources of such information and belief are not stated.

The subsequent allegations on which the order of arrest is founded are, that the defendants, through Lagrave, committed

the fraudulent acts complained of. It has always been held that an affidavit for obtaining an arrest is defective in stating the principal matters on information and belief. That where such facts are not within the actual knowledge of the plaintiff or his witness, information may be stated, but the sources of such information must also be stated (*Blason* agt. *Bruno*, 21 *How.*, 112; *Cook* agt. *Roach*, *id.*, 152; *Satow* agt. *Reisinberger*, 25 *id.*, 154; *De Nierth* agt. *Sidner*, *id.*, 419).

The sources of the plaintiffs' information and belief that Otis was a partner of Lagrave are not stated. In obedience to the above decisions and numerous others, I must vacate this order of arrest.

On the reargument of the motion the following opinion was written :

LAWRENCE, *J.* — Further reflection and a more thorough examination of the authorities cited on the argument of this motion, have convinced me that the disposition which I made of the case on the first argument was proper and just.

The whole framework of the complaint and affidavit is based upon the theory that Otis and Lagrave were partners. The allegations in the affidavit and complaint which the plaintiff claims entitle him to maintain the order of arrest, because they are positively stated, when critically examined turn out to be merely the conclusions of the plaintiff. All the representations are alleged to have been made by Lagrave. Every thing which constitutes the plaintiff's right to an order of arrest was done by Lagrave. The allegations of conspiracy and conversion are so intimately interwoven with the partnership alleged between the defendants, that one allegation cannot be stricken out without entirely impairing the force and efficacy of the other. In the language of Mr. justice BRADY, in the case of *The Meriden Malleable Iron Company* agt. *Bandman*, the affidavit is defective, " because the facts are not set forth on which the conclusions stated in it are founded, and which form the basis of the proceeding. In

Dreyfus *et al.* agt. Otis *et al.*

other words, the affidavit contains *recitals in effect and not facts in* detail." The order of arrest in this case was based, not upon the complaint but upon the affidavit of Mr. Rosenblatt.

The complaint and affidavit are in many respects identical, but there is this important and essential feature of difference between them : that while the complaint 'alleges positively that the defendants, " with the preconceived intent to cheat and defraud the plaintiffs as such copartners," etc., the affidavit states that the defendants, *through the said Alfred E. Lagrave, with the preconceived intent to cheat and defraud, etc.*" Even treating the complaint as an affidavit on which, in conjunction with the other affidavits the order of arrest was granted, if there be a discrepancy between the pleading and the affidavit, the latter should control, for the reason that in the pleading only results and conclusions are stated, while the affidavit must contain all the essential facts from which the court can draw the conclusion, not only that a cause of action but that a right to an order of arrest exists (*Code of Civil Procedure, sec.* 557).

The cases cited by the learned counsel for the plaintiff do not conflict, in my opinion, with the views herein advanced. One tort feasor may be held liable in an action, even if his co-tort feasor is not served or even joined as a party defendant, and one conspirator is liable for the acts done by another in furtherance and aid of the common object or design.

This is and must be conceded. But to authorize an order of arrest, *facts* and not *conclusions* must be stated.

To make out a conspiracy, and to obtain an order of arrest as an incidental remedy therefor, the plaintiff should place before the court such evidence as would at least justify a jury in finding that conspiracy existed. In this case, if the allegation of the partnership between the defendant and Lagrave be obliterated, we have nothing left but the bare, naked assertion that the defendants, "*through Lagrave*, conspiring, etc.*"

As that allegation is made upon information and belief, and the sources of the information are not stated, it must be

Dreyfus *et al.* agt. Otis *et al.*

disregarded (*See cases cited in memorandum filed December 10th, and also Muller* v. *Perrin,* 14 *Abb.* [*N. S.*], 96; *Watson* v. *McGuire,* 33 *How.,* 87).

The allegations in the affidavit as to the defendants obtaining other goods from other parties and selling them far below the prices at which they had purchased them, also hinge upon the statement that such acts were done through Lagrave. They do not, therefore, aid the plaintiff.

The order of arrest must be vacated, with costs of motion.