## LYDIA R. MARTIN v. JACOB RUTT.

### ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 22, 1889—Decided June 28, 1889.

1. In a feigned issue to try the title to goods levied upon as belonging to a husband, but claimed by his wife, the declarations of the husband

Statement of Facts.

adverse to the claim of the wife, made in her absence and after the levy, are not admissible upon any theory.

2. As declarations, they are secondary, not being those of the plaintiff herself; as declarations of an agent they are incompetent, because not part of the res gestæ; and finally, they are incompetent because they are the declarations of a husband against his wife.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 218 July Term 1888, Sup. Ct.; court below, No. 52 June Term 1887, C. P.

On June 20, 1887, an issue was formed, under the sheriff's interpleader act, in which Lydia R. Martin and D. G. Hoffman were plaintiffs, and Jacob Rutt, Sr., defendant, to try the title to certain personalty levied upon by the sheriff as the property of D. G. Martin, Lydia R.'s husband, under a judgment by Rutt against Martin, but claimed by the plaintiffs.

The goods levied upon consisted of cigars, leaf tobacco, a horse, liquors, bar-room furniture, an organ, household goods, etc. Part of them were claimed by Hoffman, and part by Mrs. Martin, who introduced evidence tending to show that she obtained the tobacco in dispute and from which the cigars were made, from her father; that her father advanced her money, also, with which she purchased the other goods claimed by her, and that D. G. Martin, her husband, was merely her agent.

Samuel Zimmerman, called by the defendant:

Q. State to the court and jury the conversation you had with D. G. Martin with reference to the transfer of this property to his wife, after this levy.

Objected to by plaintiffs' counsel unless the wife were present, or other interested party for her.

By the court: Objection overruled, and question admitted; exception.[5]

A. Shortly after he was sheriffed, I went there and I talked to him about my bill, and he said that he didn't want to cheat me out of my bill, money that I have in him, but he assigned it to his wife on account of Jake Rutt.

The defendant offered in evidence, his judgment against D. G. Martin, upon which his execution had issued.

Objected to.

By the court: Objection overruled.[6]

The defendant having shown that the existing Internal Revenue certificate for the manufacture of the cigars was in the name of D. G. Martin, the plaintiffs, in order to show that it was immaterial in whose name the certificate was issued, offered in evidence a certificate for the year 1876, in the name of one Abraham M. Martin.

Objected to.

By the court: Objection sustained; exception.[7]

The court, PATTERSON, J., submitted the cause to the jury on the evidence, and after referring to the plaintiffs' affidavit claiming the property, said:

[When they made this affidavit and came into court, then the court, inasmuch as it was denied by Mr. Rutt, framed this feigned issue, that it might be inquired into and ascertained who owned these goods, whether they were David G. Martin's, the debtor's, or whether they were Lydia Martin's] [1] or Mr. Hoffman's; and hence, what you are to try is the issue, to try by a jury the right to certain personal property levied upon by the sheriff on fieri facias, to April Term 1886, No. 89. You have heard all the articles enumerated, which were levied upon. [Now, what you are to try is, the question, who owns these goods. Your inquiry will go to the question as to whether D. G. Martin owned them;] [2] if he didn't own them, then Mr. Rutt had no right to levy upon them or some of them, or take them as the property of D. G. Martin; because neither Mrs. Martin nor Mr. Hoffman owed Mr. Rutt anything; but if you find they are not D. G. Martin's, why then you will find for the plaintiffs, and if you find that they are D. G. Martin's, or any of them, then you will find for the defendant in this case.

The jury returned a verdict in favor of the plaintiff, Mrs. Martin, for part only of the goods claimed by her, and in favor of the defendant for the goods claimed by plaintiff Hoffman. A rule for a new trial having been discharged, judgment was entered upon the verdict, when Mrs. Martin took this writ assigning as error:

1, 2. The parts of the charge included in [ ] [1] [2]

5, 6. The admission of defendants' offers.[5] [6]

7. The refusal of plaintiffs' offer.[7]

*Mr. H. M. Houser* and *Mr. B. F. Davis*, for the plaintiff in error.

*Mr. H. C. Brubaker* (with him *Mr. A. H. Fritchey*), for the defendant in error.

OPINION, MR. JUSTICE GREEN:

The only assignment of error in this case, which has any merit, is the fifth. The testimony admitted under that assignment consisted of certain declarations of the husband, D. G. Martin. They were offered by the defendant in the issue against the title of Martin's wife who was the plaintiff. The husband was not even a nominal party to the record. The wife was not present when the declarations were made, and they were not part of the res gestæ of the transaction to which they related.

They were inadmissible upon any theory. As declarations, they were secondary only, not being the declarations of the plaintiff herself. As the declarations of an agent, they were incompetent because they were not part of the res gestæ. But they were fatally incompetent for the entirely independent reason that they were the declarations of a husband offered against his wife. It is enough to know that the law does not permit the direct testimony of the husband against his wife, and as a matter of course it cannot permit his indirect testimony in the form of declarations adverse to her interest. The very point was decided in Burrell Tp. v. Uncapher, 117 Pa. 353, where we held the husband's declarations to be inadmissible although he was a party to the record. We said: "He is a formal and not a real party, and as the purpose of the offer was to elicit from him testimony adverse to the claim of his wife, he must be regarded as incompetent to deliver such testimony. "The same is true as to declarations made by him. They could not be given in evidence against his wife." Neither the theory of a conspiracy, nor the fact that the husband was the defendant in the execution under which the goods were sold, helps the question in the least degree. It is still

the testimony of the husband against the wife, and is interdicted. The fifth assignment of error is sustained and on that the judgment is reversed.

The other assignments have no merit. As a matter of course Rutt's judgment against D. G. Martin was admissible, as it was the foundation of his execution process under which he claimed title. The internal revenue certificate to A. M. Martin in 1876, was altogether too remote and irrelevant to be admitted. Whether the goods in question were the property of Lydia R. Martin was no doubt the true issue of the cause, but as the defendant alleged they were the property of her husband, D. G. Martin, and evidence was given in support of that proposition, it was certainly not error in the court to say to the jury that the question was whether they were David G. Martin's, the debtor's, or whether they were Lydia Martin's.

Judgment reversed and new venire awarded.