(79 N. W. Rep. 865.)

---

## W. F. LORIN *vs.* WILL H. SEITZ.

Opinion filed May 23, 1899.

**Election—Validity of Ballots.**

> In this case precisely the same question is raised by the record which was involved and decided by this Court in the case of Miller v. Schallern (decided at this term), 8 N. D. .—, 79 N. W. Rep. 865. The decision in this case will be governed by the rule laid down in Miller v. Schallern.

Appeal from District Court, Morton County; *Lauder,* J.

Action by W. F. Lorin against Will H. Seitz. Judgment for plaintiff. Defendant appeals.

Reversed.

*E. C. Rice, B. W. Shaw,* and *Cochrane & Corliss,* for appellant.

*H. G. Voss, J. F. Philbrick,* and *A. T. Patterson,* for respondent.

WALLIN, J. This is an election contest and involves the title to the office of county superintendent of schools. The board of county canvassers found that the defendant was elected by a majority vote, and the certificate of election was accordingly delivered to the defendant. The trial court adjudged that the plaintiff received a majority of the legal votes, and that the certificate of election delivered to the defendant was illegal and void. From this judgment the defendant has appealed to this Court.

The record presents a number of questions bearing upon the regularity of the election in question, but it becomes necessary, in disposing of the case, to determine only a single question, which counsel have conceded to be decisive of the result. The facts in this record grow out of an election held in November, 1898, in the County of Morton, which election is the same as that involved in the case of *Miller* v. *Schallern* (decided at this term, and the opinion in which is handed down with this opinion), 79 N. W. Rep. 865. In *Miller* v. *Schallern* this Court held, and it was the pivotal point in the case, that certain ballots, which were cast for the plaintiff and were credited to him by the canvassers, were (under section 524, Rev. Codes) illegal ballots, because they were minus the initials of an election precinct officer, and hence that such ballots were improperly credited to the plaintiff. A precisely similar state of facts is presented by the record in this case. In this case a portion of the ballots cast for the plaintiff (sufficient in number to determine the result of the election) were placed in the ballot box without being indorsed with the initials of any precinct officer. Upon the rule laid down in *Miller* v. *Schallern,* such ballots were illegal ballots, and cannot be counted for the plaintiff. Rejecting such ballots, the defendant received a majority of the legal votes cast at the election, and is therefore entitled to said office, and was properly given the certificate of election.

The grounds upon which we place this ruling are fully set forth in the case cited, and we shall not, therefore, repeat in this opinion what was there said. The judgment of the court below must be reversed, and that court is directed to dismiss this contest. All the judges concurring.