CARL A. KAEPPLER *vs.* RED RIVER VALLEY NATIONAL BANK.

Opinion filed May 27, 1899.

**Complaint Charging False Imprisonment and Malicious Prosecution— Motion for Verdict.**

Where a complaint in an action states, in a single count, facts that constitute a cause of action for false imprisonment and also for malicious prosecution, and where plaintiff, at the close of the testimony, moved for a directed verdict in his favor upon stated grounds, and which motion should have been sustained if the action was false imprisonment, but should have been denied if the action was malicious prosecution, and where, immediately upon the denial of such motion, plaintiff requested an instruction to the jury, which was given, and which limited any recovery in the case to damages for malicious prosecution, *held,* that plaintiff could not urge in this Court, as ground of reversal, that the trial court erred in denying the motion for verdict.

**Improper Cross Examination.**

For the error of the trial court in permitting an improper cross-examination, as set forth in opinion, the case is reversed.

**Affidavit of Arrest Insufficient if Made on Information and Belief.**

An affidavit which is used as the basis for a warrant of arrest in insolvency proceedings, and in which the probative facts by which it is sought to establish the existence of the ultimate facts required by the statute are alleged upon information and belief, but no grounds for such information and belief are stated, is insufficient to give the court jurisdiction to issue a warrant of arrest in that particular case.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Carl A. Kaeppler against the Red River Valley National Bank of Fargo. Judgment for defendant, and plantiff appeals. Reversed.

*H. R. Turner* and *Morrill & Engerud,* for appellant.

The order of arrest was void, section 6013, Rev. Codes, under which it was procured, is unconstitutional in so far as it authorizes the arrest of an alleged insolvent. Art. I, Sec. 15, Const; *Resser* v. *Hoyt,* 18 N. W. Rep. 611. The jurisdiction to arrest on civil process except in specified instances is taken away. The power is exceptional and extraordinary, depending upon the statutes granting and limiting the exercise of the power. When the power is attacked the burden lies on the party who seeks to uphold it to show clearly that the statute has been strictly complied with. *Stafford* v. *Low,* 20 Ill. 152; *Bryan* v. *Congdon,* 53 U. S. App. 505; *Mudrock* v. *Killips,* 28 N. W. Rep. 66; *Miller* v. *Munson,* 34 Wis. 579; *Spice* v. *Steinruck,* 14 Ohio St. 213; *Sheridan* v. *Briggs,* 19 N. W. Rep. 189; *Marble* v. *Curran,* 29 N. W. Rep. 725; *Wachsmith* v. *Bank,* 21 L. R. A. 278; Estes Pl. § 3966. The affidavit for arrest was insufficient in its statement of facts to confer jurisdiction. *Peo.* v. *Recorder,* 6 Hill. 429; *Hauss* v. *Kohlar,* 25 Kan. 640; *Matoon* v. *Eder,* 6 Cal. 57-60. The affidavit being insufficient, the annul-

ment of the proceeding made it void ab initio and authorized action for false imprisonment. *Bryan* v. *Congdon,* 43 U. S. App. 505; *Fischer* v. *Langbein,* 103 N. Y. 84; *Day* v. *Bach,* 87 N. Y. 56; *Kerr* v. *Mount,* 28 N. Y. 659; 19 Am. & Eng. Enc. L. 516, and n.; Addison, Torts, § 831 and § 921. Advice of counsel is only competent in a case of this kind, when shown to rebut malice. *Brewer* v. *Jacobs,* 26 Fed. Rep. 217; *Hamilton* v. *Smith,* 39 Mich. 232; *Wyatt* v. *Corey,* 76 Me. 87; *White* v. *Carr,* 36 Am. Rep. 353; *Sparlinger* v. *Conway,* 12 Mo. App. 510; *Collard* v. *Gay,* 1 Tex. 494; *Wills* v. *Noyes,* 12 Pick. 324. And the jury must take into consideration in determining the good faith of the defendant the relations existing between defendant and the attorney whose advise is sought in regard to the proceeding in question. *Sherburne* v. *Redman,* 51 Wis. 474; *Platt* v. *Brannsdorf,* 40 Wis. 107; *Murphy* v. *Larson,* 77 Ill. 172; *Hamilton* v. *Smith,* 39 Mich. 222; *Brewer* v. *Jacobs,* 26 Fed. Rep. 217. The cross-examination of the witness Wilson, was permitted to go entirely outside the matters inquired of by plaintiff. This was error. 1 Bish. Ev. 586; *Bell* v. *Prewitt,* 62 Ill. 362; *White* v. *McLean,* 47, How. Pr. 193; *First National Bank* v. *Smith,* 65 N. W. Rep. 439; *Railroad Company* v. *Stimson,* 14 Pet. 448; 8 Enc. Pl. & Pr. 102. If defendant could prove probable cause at all, as rebutting malice, it should have been confined to the proof of only such facts and circumstances as were known to it at the time of procuring the arrest. *Brown* v. *Smith,* 83 Ill. 291; *Turner* v. *O'Brien,* 7 N. W. Rep. 850.

*Ball, Watson & Maclay,* for respondent.

The action is for false imprisonment. The arrest complained of was made on legal process, out of a court having jurisdiction both of the parties and the subject matter. The allegation that the arrest was made maliciously and without probable cause, does not constitute a part of the cause of action. *Murphy* v. *Martin,* 16 N. W. Rep. 603; *King* v. *Weed,* 51 N. W. Rep. 1011; *Whitten* v. *Bennet,* 86 Fed. Rep. 405. The process upon which plaintiff was arrested was regular and valid. Even slight and inconclusive proof, while it may not be sufficient to sustain the process against direct attack or upon appeal, will furnish justification for the issuance of the process in an action for false imprisonment. *Landt* v. *Hills,* 19 Barb. 293; *Miller* v. *Adams,* 7 Lans. 133, 52 N. Y. 409; *Van Alstyne* v. *Erwine,* 1 Kern 34; *Skinnion* v. *Kelly,* 18 N. Y. 355; *Ward* v. *Cozzens,* 3 Mich. 252; *Johnson* v. *Maxon,* 26 Mich. 129; *Johnson* v. *Mortin,* 53 N. W. Rep. 816; *Dusy* v. *Helm,* 59 Cal. 188. The fraud mentioned in Art. 1, Sec. 15, Const., may be fraud in incurring the debt or fraud in the endeavor to evade its payment. Section 6013, Rev. Codes, is not unconstitutional. Cooley's Const. Lim. (4th Ed.) 422; *Powers* v. *Davenport,* 7 S. E. Rep. 747; *Ex parte Bergman,* 4 Pac. Rep. 209; *Dummer* v. *Mungresser,* 65 N. W. Rep. 564. Even if the statute were unconstitutional an action for false imprisonment would not lie for an arrest made

under its provisions by process otherwise regular. *Halleck v. Dominy,* 69 N. Y. 238; *Brooks v. Mangan,* 46 N. W. Rep. 633; *Henke v. McCord,* 7 N. W. Rep. 623; *Gifford v. Wiggins,* 52 N. W. Rep. 904; *Barker v. Stetson,* 7 Gray 53; *Wheaton v. Beecher,* 13 N. W. Rep. 769. In actions for false imprisonment and malicious prosecution the defendant is entitled to ask the court to resolve reasonable doubts in his favor, and not in favor of prunitive or exemplary damages. *Jones v. King,* 33 Wis. 422; 1 Graham & W. on New Trials, 503. No actual or special damages were alleged or proved. The right to nominal damages where such damages do not carry costs will not authorize reversal. Therefore error, if any in denying appellant's motion for directed verdict (the jury found for respondent), was harmless. 8 Am. & Eng. Enc. L. (2d Ed.) 560; 1 Suth. Dam. 815; Woods Mayne on Dam. 10; *Martin v. Ry. Co.,* 54 Pac. Rep. 696; *Jones v. King,* 33 Wis. 422; *Lanbenheimer v. Mann,* 19 Wis. 519; *Howe v. Cochrane,* 50 N. W. Rep. 368; *Dunlap v. Babb,* 59 Tenn. 315; *McConaghy v. McMullen,* 27 Wis. 73. Where no actual damages are alleged or proved no exemplary damages can be recovered. *Scheppel v. Norton,* 16 Pac. Rep. 804; *Schwartz v. Davis,* 57 N. W. Rep. 849; *Kuhn v. Railway,* 37 N. W. Rep. 116. The instruction as to the advice of counsel was correct. 2 Thomp. Trials, 1638, 1639. The questions propounded to Wilson in cross examination were proper. 8 Enc. Pl. & Pr. 109, 110, n. 1.

BARTHOLOMEW, C. J. Plaintiff brought an action, as he claims, and as the Court instructed the jury, under section 4971, Rev. Codes, which reads: "Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Under that section it is clear that an action might be brought for false imprisonment or for malicious prosecution. The facts were that the defendant caused the arrest of plaintiff in insolvency proceedings in the District Court of Cass county, and the defendant was held by the sheriff under such arrest for about 30 hours, and, then released at the request of defendant, and later, upon plaintiff's application, the order of arrest was vacated. In this Court both parties state that the action is for false imprisonment. If the complaint contains any sufficient allegation that the warrant of arrest was illegal, or that the allegations in the affidavit upon which the warrant was based were false, then we think it otherwise broad enough to cover a case of false imprisonment. It certainly covers a case for malicious prosecution. It is alleged that the defendant herein "willfully and maliciously, and with intent to injure the plaintiff, made affidavit," etc., and that "in so doing the defendant acted maliciously, and without probable cause, or any cause whatever." After the testimony was closed the record shows the following proceedings: "The plaintiff thereupon moved the Court to direct the jury to return a verdict for the plaintiff against the

defendant, but to leave it to the jury to ascertain and determine the amount of damages which the plaintiff is entitled to recover, under proper instructions, on the ground that the evidence in this case is undisputed that the arrest of the plaintiff was made by the defendant ·under process which is invalid, and furnishing no justification for the arrest, for the reason that the affidavit upon which the warrant was obtained does not state any facts sufficient to justify the issuance of a warrant, and is so entirely deficient of statements of facts as to give the Court no jurisdiction to issue such process, and, further, that the statute (section 6013 of the Revised Codes) is unconstitutional and void, in so far as it authorizes the issuance of process for the arrest of an alleged insolvent. Motion is denied, and plaintiff excepts. Thereupon the plaintiff submitted to the Court the following requests for instructions to the jury." And the third instruction requested by plaintiff and given by the Court states : "In order to recover, the plaintiff must also show that the arrest was malicious,"—and then proceeds to define "malice."

We have quoted thus much from the record because it is material to ascertain, if we can, upon what theory the plaintiff was seeking to recover. It may be conceded that, under the averments of the complaint, he had a right to recover either for false imprisonment, or malicious prosecution, or both. See *Wagstaff* v. *Schippel, 27* Kan. 450. But it is very clear that the ruling of the Court on the motion for a directed verdict was right, if plaintiff was seeking to recover as for malicious prosecution, because, however defective the affidavit for the order of arrest may have been, or however unconstitutional the law authorizing the arrest may be, plaintiff could not recover for malicious prosecution unless the defendant was actuated by legal malice in making the affidavit; and, while a defective affidavit might be regarded as showing want of probable cause, which in turn might be some evidence of malice, yet there was so much evidence in the case tending to show absence of all malice that the Court could not take that question from the jury. On the theory of a recovery for false imprisonment, plaintiff was entitled to a directed verdict, if the affidavit for order of arrest was so defective that it gave the Court no jurisdiction, or if the statute authoring the arrest be unconstitutional. But, immediately upon the denial of plaintiff's motion, he requested a charge to the jury, and the Court gave it, which necessarily confined the recovery in the case to damages for malicious prosecution. From these facts we are warranted in holding either that he presented his motion on the theory of·a recovery for malicious prosecution, in which case it was properly denied, or that, if he presented it on the theory of ,a recovery for false imprisonment, he at once abandoned that ground, and limited his right to recover to a recovery for malicious prosecution. If the latter be true, then the motion must be held waived for all purposes, and cannot be urged in this Court. In either view, this assignment of error must be overruled.

But there are certain assignments of error relating to the admis-

sion of testimony that, we think, must be sustained. The first witness called by plaintiff was the sheriff who made the arrest. The testimony elicited by plaintiff was purely of a formal character. The witness was shown the warrant of arrest, and testified that under the warrant he arrested the plaintiff, and held him in custody for about 30 hours. Nothing further was asked by plaintiff. The warrant of arrest also directed the sheriff to seize the property of the plaintiff. On cross-examination this witness, over the repeated objections of plaintiff that it was not proper cross-examination, was permitted to testify as to what property he seized, where he found it, what condition it was in, and what plaintiff said as to where it was and how it came to be there. Of course, the object of this cross-examination was to show that the plaintiff was trying to conceal his property, and that, therefore, defendant had probable cause for causing his arrest. This was a vital point in the defense, but had been in no manner adverted to on the direct examination. We know that much discretion should be given to trial courts in matters of the kind, but still it is a legal discretion, and subject to control. Evidence of this damaging character, coming from the lips of the party's own witness, must have been highly prejudicial. It was outside the ordinary limits of cross-examination, and its admission was reversible error, which necessitates a new trial.

But, inasmuch as it is clear, from what counsel say in the argument of this case, that upon a new trial the plaintiff will rely entirely upon false imprisonment, and as both parties have discussed fully the matter of the sufficiency of the affidavit for an arrest in this case, and as that will necessarily be to some extent a controlling feature in the new trial, it is proper for us to express our views upon the sufficiency of the affidavit, leaving the question of constitutionality of the act authorizing the arrest until it is necessarily before us. If the facts stated in the affidavit were not such as to call into exercise the jurisdiction of the District Court, then, notwithstanding the order of arrest may have been made, the sufficiency of the affidavit was never judicially passed upon, because the Court had no jurisdiction to act in that particular case. Hence the warrant of arrest would be illegal, and plaintiff would be entitled to nominal damages, at least. *Wachsmuth* v. *Bank* (Mich.) 56 N. W. Rep. 9; *Fischer* v. *Langbein*, 103 N. Y. 84, 9 N. E. Rep. 497; *Bonesteel* v. *Bonesteel*, 28 Wis. 245; *Marble* v. *Curran*, 63 Mich. 283, 29 N. E. Rep. 725; *Mudrock* v. *Killips*, 65 Wis. 622, 28 N. W. Rep. 66; *Bryan* v. *Congdon*, 29 C. C. A. 670, 86 Fed. Rep. 221; *Whitlock* v. *Roth*, 5 How. Pr. 143. On the other hand, if the affidavit, though defective, be sufficient to call into action jurisdiction of the court, and an order of arrest be made, then the sufficiency of the affidavit has been judicially determined, and the order of arrest protects the affiant, unless the statements in the affidavit were false, and the affiant had no probable cause to believe them to be true. *Johnson* v. *Mortin*, 95 Mich. 1, 53 N. W. Rep. 816; *Fischer* v. *Langbein*, supra; *Spice* v. *Steinruck*, 14

Ohio St. 213; *Dusy* v. *Helm,* 59 Cal. 188; *Miller* v. *Brinkerhoff,* 4 Denio, 120. Section 6013, Rev. Codes, reads: "At the time of the filing of the petition in insolvency either by the debtor or creditor, or at any time thereafter, if it shall appear that there is probable cause for believing that the debtor is about to leave the state, or to remove or conceal his property, or to make any fraudulent conveyance or disposition thereof, or that the best interests of the estate demand such action, the Court may issue a warrant to the sheriff, commanding him to arrest and safely keep the alleged debtor, unless he shall give an undertaking to the satisfaction of the Court for his appearance from time to time as required by the court until its decision upon the petition or until its further order, and forthwith to take possession provisionally of all the property of the debtor and safely keep the same until the further order of the court, or to take possession of the property as aforesaid without arresting the debtor." It will be noticed that no arrest can be made by reason of anything that is accomplished. If an act, however fraudulent, be done, no purposes of the insolvency proceedings can be served by an arrest; but, when anything is about to be done that will injuriously affect the estate or inerests of the creditors, a court may put forth its powers to prevent the accomplishment of such result. The statute is entirely preventative "If it shall appear," etc., is the language of the statute. As the warrant of arrest is issued by the Court, the facts upon which it is based must be made to "appear" to the Court. In what manner this statute does not say; but, as the statute contemplates the most drastic measure known to civil actions, it will be conceded that it must appear in some of the methods by which proofs of facts are presented to a court. Under the authorities already cited, the degree of proof is not material, provided there be legal evidence tending to show that there is probable cause for believing that the ultimate facts required by the statute do exist.

In this case the proof was by affidavit. We need not reproduce the affidavit, as it is long. It was made by the president of the defendant. In our judgment, such affidavit contains no allegations whatever tending to prove that the insolvent was about to leave the state, or about to conceal his property, or about to fraudulently transfer the same, except such allegations as are made upon information and belief. Is such an affidavit a sufficient basis for an arrest in this state? As the application for the arrest is an ex parte proceeding, and as it is in derogation of personal liberty, the least that can be required is that the applicant make an undoubted prima facie case. Upon well-settled general principles this cannot be done, in the absence of statutory sanction, by an affidavit based upon information and belief, for the very evident reason that such affidavit is not competent evidence. It is mere hearsay. If the affiant were on the stand, he would not be permitted to testify to any such matter, and he certainly should be equally restricted in an ex parte affidavit, where he is subjected to no cross-

examination; and so are the authorities.  *Brown* v. *Kelley,* 20 Mich. 27; *Sheridan* v. *Briggs,* 53 Mich. 569, 19 N. W.. Rep. 189; *Griswold* v. *Sweet,* 49 How. Pr. 171.; *Dreyfus* v. *Otis,* 54 How. Pr. 405; *Hauss* v. *Kohlar,* 25 Kan. 640. . Some of the facts in this case will illustrate the great danger of .abuse that would inevitably attend the practice of allowing arrests in civil cases upon affidavits made on information and belief.  Plaintiff was a wholesale fruit dealer in Fargo.  He did his banking business with defendant, and had a line of credit there.  About July 1, 1897, he applied for an additional credit· in an amount sufficient to pay for a car load of lemons and a car load of melons that had been shipped to him, and drafts were drawn on him· with the bills of lading annexed.  The additional credit was granted upon the plaintiff's statement that he would dispose of the ·goods for the approaching Fourth of July trade, that the sales would be for cash, and he would immediately deposit the proceeds with the defendant bank. The affidavit in this case, made some two weeks subsequently, alleged on information and belief that plaintiff had disposed of the goods, ·but had failed to deposit the proceeds., .This was adduced as evidence that plaintiff was concealing. his assets.  When ΄ the assignee in insolvency took possession of plaintiff's estate, we learn, from the evidence, that he found the car load of melons still standing on the track, and the carload of lemons in the basement of plaintiff's warehouse, with few, if any, of them gone.

But it is urged that an affidavit upon information and belief is, and should be· held, sufficient in this case, because our statute upon arrest and bail in terms permits an arrest upon an affidavit of that character.  Section 5306, Rev. Codes.  We need not, in this case, intimate whether or not it would be the duty of a court to construe that provision into the insolvency law, when no such language is used.  That section provides that, when .the affidavit is made upon information and belief, "it must state the facts upon which the information and belief are founded."  The affidavit in this case entirely fails to comply with this requirement.  The reason for this requirement is evident.  The application for the order of arrest is addressed to the judicial discretion of the court.  If, when the sources of information are disclosed, it appears that the affidavit of the party giving the information might readily be procured, a court will not, ordinarily, grant the order, unless such affidavit be filed.  If, on the other hand, the sources of information are such as to leave no reasonable doubt of the correctness of such information, a court may, under the statute, act upon such affidavit.  The grounds of belief must be stated, in order to enable the court to determine whether or not such belief. is well founded and reasonable . *Moore* v. *Calvert,* 9 How. Pr. 474; *Dreyfus* v. *Otis,* 54 How. Pr. 405; *Bank* v. *Loucheim* (Sup.) 8 N. Y.. Supp. 520; *Whitlock* v. *Roth,* 5 How. Pr. 143; *Crandall* v. *Bryan,* 15 How. Pr. 48;. *Bank* v. *Lumley,* 28 How. Pr. 397; *Pierson* v. *Freeman,* 77 N. Y. 589; *Hackett* v. *Circuit Judge,* 36 Mich. 334.

As the affidavit in this case contained no competent evidence tending to establish the ultimate facts which the statute says must exist, the Court had no jurisdiction to act in the case. Reversed. All concur.