G. J. SCHWOEBEL v. GEORGE E. FUGINA.

Opinion filed June 19, 1905.

**Landlord and Tenant — Denial of Title — Termination of Tenancy.**

1. If the tenant denies his landlord's title, the latter may at his election treat it as a disseisin, and the tenancy is thereby terminated without notice to quit.

**Use and Occupation — Liability of Former Tenant.**

2. When the former tenant retains possession of the premises after the termination of the relation of landlord and tenant, he is liable for the value of the use and occupation of the premises.

**Witness — Cross-Examination.**

3. The latitude to be allowed in cross-examination is largely discretionary with the trial court, and its rulings in that respect will not be disturbed, except in cases of abuse.

Appeal from District Court, Eddy county; *Glaspell*, J.

Action by G. J. Schwoebel against George E. Fugina. Judgment for plaintiff, and defendant appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

Neither failure to pay rent, nor owner's demand of possession, terminated his tenancy in the absence of agreement to that effect, or notice to quit the premises. Section 3346-3350, Rev. Codes 1899; Stoppelkamp v. Mangeot et al., 42 Cal. 316.

A tenancy from year to year is certain for the year pending, with a springing right for succeeding years, on failure of parties to terminate by the required notice. 18 Am. & Eng. Enc. Law (2d Ed.) 210; section 4085, Rev. Codes 1899.

Such tenancy is not terminated by death of the landlord nor a conveyance by him. 18 Am. & Eng. Enc. Law (2d Ed.) 202; Mac-Donough v. Starbird et al., 38 Pac. 510.

*F. Baldwin,* for respondents.

Defendant was not the renter of plaintiff's grantors, and further shows that he never made any other claim than that of being the owner of the land, and upon this he was beaten in the former action. He ought not to complain of the judgment for use and occupation of plaintiff's land.

ENGERUD, J. This is an appeal by defendant from a judgment for plaintiff, entered pursuant to the verdict, in an action to recover for the use and occupation of about 120 acres of farming land in Eddy county during the farming seasons of 1901 and 1902.

The substance of the allegations of the complaint were as follows: First. That the land in question was owned by Joseph Fugina and Marcus Fugina from the 1st day of January, 1886, until the 1st day of April, 1901. Second. That some time between the years 1886 and 1895 the defendant and his father were permitted to enter into the possession of said premises and use the same under an agreement whereby they were to have the use of said land upon the condition that they pay the taxes thereon; that the defendant and his father took possession of the premises under said agreement, and occupied the same thereunder until on or about the 1st day of February, 1901, when the father of this defendant died. Third. That about that time the owners of the land discovered that the defendant and his father had failed to fulfill the agreement under which they occupied the premises by failing to pay the taxes as agreed, and that this defendant was attempting to secure a tax title to the land; that the owners thereupon paid the taxes and demanded possession of the premises from the defendant; that the defendant thereupon claimed to be the owner of

the land and refused to surrender possession thereof, and subsequently, on or about the 14th day of September, 1901, commenced an action in the district court against the said Joseph Fugina and Marcus Fugina, the then apparent owners, to establish title in himself to said land; that said action resulted in a judgment in favor of Joseph Fugina and Marcus Fugina and against said George B Fugina, whereby it was adjudged and decreed that George B. Fugina had no title or interest in said land. Fourth. That on or about the 1st day of April, 1901, the plaintiff purchased from Joseph Fugina and Marcus Fugina the premises in question, and all their right, title and interest in and to the same, and the rents thereof accruing after that date, and that plaintiff now is, and at all times since the 1st day of April, 1901, has been, the owner of and entitled to the possession of said lands and the rents thereof. Fifth. That the defendant wrongfully and unlawfully withheld the possession of said lands from the plaintiff under said pretended claim of title, and occupied and cropped the same during the farming seasons of 1901 and 1902. Sixth. That the rent and use of said premises during each of said seasons was reasonably worth the sum of $250, or $500 for both seasons. Seventh. Alleges a demand for and refusal to pay the said sum of $500. Judgment is demanded for $500 and interest.

To such complaint the defendant made answer, the material parts of which are as follows: Admits the ownership of the land by Joseph and Marcus Fugina, as alleged in the complaint, prior to April 1, 1901, and a purchase thereof by plaintiff at the time mentioned in the complaint, but alleges that whatever interest plaintiff acquired under said purchase he acquired with full notice and subject to the agreement existing between the defendant and Joseph and Marcus Fugina, which entitled the defendant to the use and possession of the land during the years 1901 and 1902. Defendant admits that he occupied and cropped the lands during the years 1901 and 1902, but denies that such possession was wrongful, and denies that the rent and use for said years is worth the sum of $250 a year. He admits "that between the years 1886 and 1895 the said Joseph Fugina and Marcus Fugina entered into an agreement with this defendant and his father, which agreement in substance and effect provided that defendant and his father were to have the use of said land, but denies that in consideration of said use defendant or his father were to pay the taxes on said land. He admits that he and his father entered into possession of said

land immediately after said agreement and have had the possession and use of the same at all times since the making of said agreement until this time. He admits that during all of said time this defendant resided with his father and worked said land in pursuance of their said agreement with said Joseph Fugina and Marcus Fugina as aforesaid." The answer denies that at the time mentioned in paragraph 3 of plaintiff's complaint the defendant or his father had failed to perform the agreement under which they occupied and were entitled to the use of said land; denies that he, at the time mentioned in said paragraph 3 of the complaint, or at any time, claimed to be the owner of said land; and denies that the possession of the same was at any time demanded of him by said Joseph Fugina and Marcus Fugina. The answer admits that at about the time mentioned in said paragraph 3 of the complaint this defendant commenced an action against said Joseph Fugina and Marcus Fugina, and that said action was tried in the said district court; but denies that the decree entered in said action in any manner determined the right to the use and rental of said land during the years 1901 and 1902.

The appellant contends, and most of the assignments of error are based on that contention, that the complaint shows that the defendant was in possession as a tenant holding over from year to year under the original lease, and was accordingly liable only for the agreed annual rental, to wit, the amount of the annual taxes, and no more. We do not so construe the complaint. We think it states, though with unnecessary prolixity, a good cause of action for the recovery of the value of the use and occupation of the premises, grounded on defendant's wrongful occupation during the farming seasons of 1901 and 1902. The complaint shows that the relation of landlord and tenant existed between the former owners of the land and this defendant and his father until the father's death. It was then discovered that this defendant was in possession, claiming title in himself, and denying his landlord's title. The defendant's denial of his landlord's title was in law a repudiation and termination of the tenancy, dispensing with notice to quit, and the landlord might treat it as a disseisin, as has been done by commencing this suit to recover, not the agreed rent, but the value of the use and occupation. Wood on Landlord and Tenant, p. 498, and following cases cited in note on page 492 of same work: Hall v. Dewey, 10 Vt. 593; Currier v. Earl, 13 Me. 216; Tillotson v. Doe,

5 Ala. 407, 39 Am. Dec. 330; Stearns v. Godfrey, 16 Me. 158; Fusselman v. Worthington, 14 Ill. 135.

The complaint would have been in better form, had it simply alleged the ultimate facts giving the right to recover, instead of narrating the circumstances which establish those facts. The evidence established, without material dispute, that the facts were substantially as narrated in the complaint, except in one particular. The evidence showed the former owners of the land leased it, as stated in the complaint, not to defendant and his father, but to the father alone, although the father and son apparently jointly farmed it. The variance, however, was not material. It was not a departure from the issues in any substantial particular, and defendant was in no way prejudiced thereby. An amendment was therefore unnecessary. Halloran v. Holmes (N. D.) 101 N. W. 310.

Before resting his case the plaintiff had offered no proof to show that the defendant had asserted title in himself, as alleged in the complaint. This fact, however, was proved by the testimony of the defendant himself upon cross-examination, after being called as a witness in his own behalf. The cross examination by which this testimony was elicited had no relation to the matters concerning which the defendant had testified on his direct examination, and was permitted over the objection of defendant's counsel that it was irrelevant and immaterial and improper cross-examination. It was clearly relevant and material, because it tended to prove that the defendant had, by denying his landlord's title, terminated by his own act any tenancy which he might otherwise be in a position to claim. The objection that it was improper cross-examination was one addressed to the discretion of the trial court, and the ruling of that court will not be disturbed except in case of abuse. State v. Bunker, 7 S. D. 639, 65 N. W. 33; Rea v. Missouri, 17 Wall. 532, 21 L. Ed. 707. There was no abuse of discretion. The witness being cross-examined was the defendant himself. This fact distinguishes this case from that of Kaeppler v. Bank, 8 N. D. 406, 79 N. W. 869. The chief reason for the rule that the cross-examination should be confined to the matters referred to in the direct examination is that the party who calls a witness is to a certain extent deemed a sponsor for the truthfulness of his testimony. To permit such a witness to be cross-examined to prove facts foreign to the matters to which his direct examination extended would therefore be a manifest injustice to the party calling him. This reason for the rule has no application where the interested party is

himself on the witness stand; and hence the rule is not so strictly enforced in the cross-examination of the adverse party as in the case of other witnesses. Rea v. Missouri, supra. Any fact in issue within the knowledge of the adverse party may be proved by cross-examination of him before or at the trial after issue joined; and he may be so examined, whether he offers himself as a witness or not. Chapter 98, Laws 1903. It was clearly within the discretionary power of the court to permit proof of the omitted fact to be made at any time before the evidence closed.

None of the errors alleged by defendant were prejudicial, because, as we view the pleadings and proof, the undisputed evidence established plaintiff's right to recover the fair value of the use and occupation of the premises during the time in question; and the only question for the jury to decide was what that value was. The trial court was right in so holding. The sufficiency and competency of the evidence to support the jury's finding as to value are not questioned.

The judgment is affirmed. All concur.