## J. L. MATHEWS v. ANNA M. HANSON.

Opinion filed February 3, 1910.

**Fixtures—Agreement Making Them Personal Property.**

1. Parties are at liberty to make any agreement or arrangement with regard to their property that they see fit, and to give to fixtures the legal character of realty or personalty at their option; and, if the agreement is such a one as will make the property personal property, as between the parties, it is personal property, and may be so treated.

**Judgment—Judgment Against Third Person as Evidence.**

2. In an action to recover property, a judgment in a former action against a third person, which invested plaintiff with all the rights and title of such third person to the property, is admissible.

**Witnesses—Cross-examination—Discretion—Appeal and Error.**

3. The latitude to be allowed in cross-examination is largely discretionary with the trial court, and its rulings in that respect will not be disturbed, except in cases of abuse.

**Judgment—Evidence.**

4. It is immaterial whether the mechanics liens, on which the judgment was rendered, under which plaintiff obtained his right to the property in question, were valid or invalid.

Appeal from District Court, Sargent county; *Allen, J.*

Action by J. L. Mathews against Anna M. Hanson. There was a directed verdict for plaintiff, and defendant appeals from an order denying a new trial.

Affirmed.

*O. S. Sem* and *J. E. Bishop,* for appellant.

*Purcell & Divet,* for respondent.

CARMODY, J. This action is in claim and delivery to recover possession of a building situated upon lot 3, section 27, township 129, range 53, in Sargent county, N. D., known as a creamery. The answer is a general denial. At the close of all the testimony the trial court directed a verdict in favor of the plaintiff. From an order denying a motion for a new trial defendant appeals to this court.

The facts are as follows: On the 9th day of August, 1897, one Louis Hanson, also known as Lars Hanson and L. M. Hanson, filed a homestead entry on lots 1, 2, 3, and 4 of section 27, township 129, range 53, in South Dakota. This land lies on the state line

between North and South Dakota. These lots in South Dakota and the lot in North Dakota, on wh'ch the building in question stands, are parts of the same quarter section; that is, the state line divides the northwest quarter of said section 27. The South Dakota part of the quarter section contains 138.80 acres and the North Dakota part, 22.44 acres. He perfected his homestead entry, and made final proof on April 10, 1903, and the patent therefor was issued to him on August 13, 1904. He lived on this piece of land with his family until his death, which occurred in 1904. In April, 1900, he made homestead entry on the North Dakota lands on wh'ch the building in question stands. In April, 1903, he relinquished his entry to the government, and filed another homestead entry thereon. In May, 1904, he again relinquished, and the North Dakota land was filed on by one Lee. so that from April, 1900, to May, 1904, said Hanson was a homestead entryman under the United States land laws of the North Dakota lands. In the spring of 1901 the Interstate Creamery Association made an arrangement with Hanson to locate and build its creamery upon said lot 3. It was at first contemplated that there should be a written lease, but a question arose whether Hanson had a right to lease any portion of the homestead, and the proposed writing was abandoned. It was then agreed between Hanson and the creamery company that the building might be put upon the land and treated as personal property. In accordance with this understanding, the building was built on the tract in question, and the company entered into the possession and use of it. In the summer of 1901 several mechanic's liens were filed against the building for labor and material furnished in the construction of said building. The labor and material were all furnished previous to July 1, 1901. These liens were all assigned to the Lidgerwood State Bank. On June 20, 1903, an action was commenced in the district court of Sargent county, wherein the Lidgerwood State Bank was plaintiff, and the Inter-state Creamery Company and others were defendants, by personal service of summons and complaint, as recited in the decree entered thereunder. This action went to final judgment August 21, 1903; the judgment entered being for the foreclosure of the mechanics' liens against the building herein involved, and directing the sale thereof to satisfy the judgment. According to the mandate of this judgment, execution was issued, and the building sold to plaintiff herein October 3, 1903. Shortly after plaintiff's

purchase of the building he made arrangement with Hanson, whereby he (Hanson) was to have the use of the lower story in consideration of allowing the plaintiff to leave the building where it was, the upper story being occupied by one Wood. On the 24th day of October, 1904, Lee, who had heretofore filed on the land, relinquished to the government, and on November 9th of the same year the defendant, Anna M. Hanson, filed thereon; her husband, Lars Hanson, having in the meantime died. She then took possession of the building, and seeks to hold it against the plaintiff.

Defendant, on the 23d day of October, 1906, made final proof for said land, and received a patent therefor on the 15th day of June, 1907. After the institution of this action an action in equity was commenced by the defendant against plaintiff, in which he and the sheriff were enjoined from the moving of the building until the termination of this action. Appellant assigns numerous errors, but the determination of this action depends wholly on the question as to whether, under all the evidence, the court erred in directing a verdict in favor of the plaintiff, and in denying defendant's motion for a new trial. These rulings must be sustained.

Appellant contends that the building in question is not personal property, but a fixture attached to and a part of the land. In this she is in error. Parties are at liberty to make any agreement or arrangement with regard to their property that they see fit, and to give to fixtures the legal character of realty or personalty at their option; and, if the agreement is such a one as will make the property personal property, as between the parties, it is personal property, and may be so treated. Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Cooley on Torts, 427, 430.

The judgment, execution, report and sale, and sheriff's certificate were admitted in evidence over the objection of the defendant, who now strenuously insists that the judgment was incompetent because she was not a party to the proceeding. We think is was competent as establishing a link in the chain of title to the building. It was necessary for the plaintiff, in order to recover, to show that the title of the creamery company to the building had passed to him, and it was necessary for him to show such passage of title in whatever manner it took place. A judgment at law or decree in equity, when it constitutes a link in a chain of title, is competent and admissible evidence, in that character and for that purpose, not only against the

parties to the record, but against all the world. Black on Judgments, 607. In Freeman on Judgments, 446, it is said: "A judgment may be offered in evidence for two express purposes: (1) To establish the mere fact of its own rendition, and those legal consequences which result from that fact; (2) in addition to the first purpose, for the further purpose of proving some other fact as found by that verdict, or upon whose supposed existence the judgment is based. For the first of these purposes every judgment is admissable in evidence against the whole world."

The general and well-settled rule that a judgment binds only parties and privies is unquestioned. But there is an exception to this rule, as firmly settled as the rule itself, and that is that a former judgment establishing rights and relations between the parties to that judgment, while it is never admissible to defeat or divest any right existing in a person not a party or privy thereto, is admissible against such persons for the purpose of proving that the plaintiff in the former judgment sustained to the defendant therein the relation established thereby, and was clothed with whatever right the defendant therein had, which was awarded to the plaintiff by the judgment, saving only the right of the third person to impeach the former judgment for fraud or collusion. It was competent evidence that the plaintiff in that judgment, and by force thereof, extinguished any right of the creamery company and the other defendant in the building in question. It in no way determined the claim of the defendant here that she had a title prior to and paramount to the alleged title of the plaintiff. It did determine, however, as between these parties, that the plaintiff stood in the shoes of the creamery company to assert whatever title and right of possession it had as against the defendant. There are many cases where a former judgment is admissible against third persons not parties or privies. It may form a link in a chain of title, and be the foundation of a subsequent conveyance. The party claiming under the judgment may prove it as one of the muniments of his estate. The former judgment, execution, and sheriff's sale in this case operated as a transfer from the creamery company to the plaintiff in this action of all its rights and has the same force as if it had been made by an instrument in form executed by the creamery company to the plaintiff in this action. If the plaintiff could not show his title to the building by the judgment, execution, and sheriff's sale, then he could not

show it at all. Consequently no error was committed in the admission in evidence of the judgment, execution, sheriff's sale, report of sale and certificate of sale. Gage v. Goudy, 141 Ill. 215, 30 N. E. 320; Tierney v. Ins. Co., 4 N. D. 565, 62 N. W. 642, 36 L. R. A. 760; Martin v. Rutt, 127 Pa. 380, 17 Atl. 993; Glezen v. Haskins, 23 R. I. 601, 51 Atl. 219; Ellis v. Le Bow, 96 Tex. 532, 74 S. W. 528; Building, Light & Water Co. v. Fray, 96 Va. 559, 32 S. E. 58; Kurtz v. Ry. Co. 61 Minn. 18, 63 N. W. 1; Minn. Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. Rep. 354; Railroad Equipment Co., v. Blair, 145 N. Y. 607, 39 N. E. 962; 93 Cyc. 1532, and cases cited.

In Gage v. Goudy, supra, the court says: "It is true, in general, that judgments and decrees are evidence only in suits between the parties thereto and their privies; but that rule is inapplicable in a case like this, where the decree is not introduced as per se binding upon any rights of the defendant, but as tending to establish a link in the chain of the complainant's title. Without said decree it would be impossible for the complainant to prove the partition of said land, and the assignment of the several lots to the different tenants in common. It might with as much propriety be contended that the plaintiff was not at liberty to introduce in evidnce his title deeds because they were res inter alios acta. As said by Mr. Freeman: "A judgment may constitute a part of a chain of title to real or personal estate; or, though not amounting to title, it may show the character of the possession of one of the parties to the suit. In either case it is admissible in evidence for or against strangers, as well as for or against the parties to the original suit. Whenever a judgment transfers title, or is the foundation of a claim to possession, it is admissible upon the same principle as a voluntary conveyance."

Appellant attempted to show by the cross-examination of the plaintiff herein that there was no service of the summons in the action entitled Lidgerwood State Bank v. Interstate Creamery Association et al., upon the defendant therein. The court sustained the objection of the plaintiff to the evidence as incompetent, irrelevant, and immaterial, improper cross-examination. Appellant then made the following offer: "Defendant now offers to prove by the cross-examination of this witness that there was no service of summons in the action entitled Lidgerwood State Bank against Interstate Creamery Association et al., upon the defendants therein"—to which offer

plaintiff objected, as incompetent, irrelevant and immaterial, improper cross-examination, and an attempt to collaterally impeach the judgment of a court of record, which objection was sustained; to this ruling defendant excepted. This objection was properly sustained. The cross-examination had no relation to the matters concerning which the plaintiff had testified on his direct examination. It was clearly improper cross-examination. The objection that it was improper cross-examination was addressed to the sound discretion of the trial court, and the ruling of that court will not be disturbed except in case of abuse. State v. Bunker, 7 S. D. 639, 65 N. W. 33; Rea v. Mo. 17 Wall. 532, 21 L. Ed. 707; Kaeppler v. Bank, 8 N. D. 406, 79 N. W. 869; Schwoebel v. Fugina, 14 N. D. 375, 104 N. W. 848.

Appellant made no other attempt to go into the question of jurisdiction. Appellant attempted to show that the mechanics' liens, on which the judgment in the former action was rendered, were invalid. We think it is entirely immaterial whether such mechanics' liens were valid or invalid. That was a matter litigated in the former action, and one in which the parties thereto were the only parties interested. The other errors assigned are wholly without merit.

The order appealed from is affirmed. All concur.