[No. 20743.    In Chambers. — September 19, 1890.]

IN RE M. VINICH, ON HABEAS CORPUS.

ARREST IN CIVIL ACTION IN JUSTICE'S COURT — INSUFFICIENT AFFIDAVIT — PROOF OF CAUSE OF ACTION — "ALLEGED" INDEBTEDNESS. — An affidavit for the arrest of the defendant in an action in the justice's court to recover moneys claimed to be due upon an open account for supplies furnished to defendant, showing that an action has been begun for the recovery of an "alleged" indebtedness, but containing no averment that such indebtedness or any cause of action exists, is fundamentally defective, and leaves the court without jurisdiction to make an order of arrest, for want of proof of the cause of action.

ID. — PROOF OF FRAUD — STATEMENT OF FACTS — INFORMATION AND BELIEF. — Before an order of arrest can be made by a justice of the peace in an action to recover a debt, it must be proved that a cause of action exists upon a contract, express or implied, and that a case of fraud exists within the terms of the statute. The affidavit must state the facts constituting the fraud charged by way of direct averment, and not upon information and belief; and general allegations of fraud or allegations made upon information and belief do not constitute proof, and are not sufficient to warrant the issuing of an order of arrest.

ID. — SALE TO DEFRAUD CREDITORS — "PRETENDED SALE." — An affidavit for arrest charging that the defendant has made a "pretended sale" of his property does not prove that the defendant has sold his property with intent to defraud his creditors or otherwise, since a "pretended sale" is no sale.

ID. — HABEAS CORPUS. — A defendant in a civil action held in custody under an order of arrest, based upon an insufficient affidavit, will be discharged upon *habeas corpus.*

APPLICATION to the Supreme Court for a discharge on *habeas corpus.* The facts are stated in the opinion.

*E. S. Pilsbury,* and *L. F. Smith,* for Petitioner.

*J. Edward Marks, contra.*

Fox, J.—The prisoner is restrained of his liberty on an order of arrest issued in a civil action by a justice of the peace in Santa Cruz County. It is conceded that the action is for the recovery of moneys claimed to be due upon open account for supplies furnished to defendant while engaged in the restaurant business in Santa Cruz. The constitution provides: "No person shall be im-

prisoned for debt in any civil action on mesne or final process, unless in cases of fraud." (Art. 1, sec. 15.)

The only provisions of the statute pertaining to arrest in civil actions in justices' courts, or applicable in such cases, are those found in sections 861 to 865 of the Code of Civil Procedure. Under these, before an order of arrest can be made by the justice in an action for the recovery of debt, it must be *proved* to the satisfaction of the justice that there is a cause of action arising upon contract, express or implied; and either that the defendant is about to depart from the state with intent to defraud his creditors, or that he has been guilty of fraud in contracting the debt or incurring the obligation, or that he has removed, concealed, or disposed of his property, or is about to do so, with intent to defraud his creditors. This proof may be made by the affidavit of himself or some other person. That it be made is jurisdictional, and without it there is no jurisdiction to issue such an order.

The affidavit in this case shows that an action has been begun for the recovery of an "alleged" indebtedness, but there is no averment in the affidavit that such indebtedness or any cause of action exists. This defect is fundamental, and whatever else may be averred, it leaves the court without jurisdiction to make the order of arrest. The affidavit is also defective in several other important particulars. It alleges fraud, but fails to state the facts constituting the fraud; also, removal and concealment of defendant's money, and a pretended sale of the balance of his property. These allegations are upon information and belief, a form of averment which does not constitute proof, and is not authorized by law in this class of proceedings in justices' courts. In the superior court some of the facts may be alleged on information and belief, the party being required to state the source and character of his information, and that he believes it to be true. The judge of the superior court

may then judge of and determine the sufficiency of the ground of belief. But the legislature has deemed personal liberty too sacred to allow a party to go into an inferior court and get an order of arrest on anything less than proof, and "information and belief" is not proof. Besides, a "pretended sale" is no sale, and does not prove that a party has sold his property with intent to defraud his creditors or otherwise. There is an averment that the defendant is about to depart from the state, with intent to defraud his creditors, but this also is made upon information and belief. I have pointed out these defects, that they may be avoided in like cases, but the fundamental one is the want of any showing that there is a cause of action. For this, if for no other, the prisoner must be discharged.

So ordered.