JACOB SCHWARTZ v. JOHN D. BARRY, POLICE JUDGE
OF THE CITY OF SAGINAW.

*Municipal corporations—Investigation of accounts of officers of
police court—Contempt—Mandamus.*

Pending an investigation by a city council as to the fees received
by the clerk and judge of the police court, the judge made an
order requiring the city controller, who was in the lawful pos-
session of certain files and papers relating to said court, which
had been delivered to him by the clerk, to return the same.
The clerk had resigned, and the files and papers were being
examined by a committee of the council in investigating his
accounts as to fees received by him. The controller refused to
obey the order, and was adjudged guilty of contempt, and
sentenced, and applied for a *mandamus* to set aside the con-
tempt order, which is granted; the Court holding that the
council had a right to make said investigation, and to that end
to have access to said files and papers, and that the police
judge had no power to take them into his possession pending
such investigation.

*Mandamus.* Argued February 9, 1892. Granted Feb-
ruary 10, 1892.

Relator, as controller of the city of Saginaw, received
from the clerk of the police court of said city certain
files and papers relating to proceedings in said court.
Subsequently respondent ordered the return of said
papers, the clerk in the mean time having resigned.
The order was not complied with, and an attachment
issued for relator, and he was adjudged guilty of con-
tempt, and sentenced; whereupon he applied for *mandamus*
to set aside said contempt order.

*Lawson C. Holden,* for relator.

*Tarsney & Wicker,* for respondent.

PER CURIAM.  In this case we think the police judge had no authority to make the order requiring the controller to return to him the files and other papers relating to cases in said court, which files and papers had been turned over by the clerk of said court to the controller. At the time a committee of the common council, duly appointed, were examining these papers in an investigation of the accounts of the clerk as to fees received by him as clerk.  It also appears that the judge was also being investigated at this time as to fees received by him, and not accounted for.  In Schwartz's answer to the contempt proceedings these facts were shown.  It also appears that the judge had demanded an investigation.

These files and papers were, in the first place, lawfully in the hands of the controller as the chief financial officer of the city, and without objection of any one. The common council had a right to investigate this matter of fees, which belonged to the city treasurer, and to have access to these papers, and it was not in the power of the police judge to take them into his possession while this investigation was going on.  There was no clerk of his court at that time, and he was acting as both judge and clerk.  It would have been manifestly a violation of the controller's duty as a public officer to have complied with this order, thus putting the evidence of the judge's guilt or innocence in the hands of such judge.

The police judge had no jurisdiction over either subject-matter or the person, and his order was void.  For these reasons we think the matter reviewable on *mandamus,* and the writ is granted.