Henry P. Finlay and Another, Respondents, v. Placido de Castroverde, Appellant.

*Order of arrest — requisites of the affidavit.*

An affidavit for an order of arrest is a nullity unless it contains allegations establishing legal evidence of the existence of the facts to be shown.

Where an affidavit for an order of arrest, although made by the plaintiff, and in the form of positive statements, contains allegations of material facts, deduced from, and based upon information derived from, correspondence, such allegations are of no probative force without the production of the original letters, so that the court may draw its own conclusions therefrom.

Appeal by the defendant, Placido de Castroverde, from an order of the Supreme Court, made at the New York Special Term, at Chambers, and entered in the office of the clerk of the city and county of New York on the 16th day of February, 1893, denying the defendant's motion to vacate an order of arrest.

*Otto Herwitz*, for the appellant.

*J. A. Shoudy*, for the respondents.

Van Brunt, P. J.:

This action was commenced by the issuance of a summons and order of arrest accompanying the same. The summons and order of arrest being served, this motion was made upon the papers upon which the order was granted to vacate the same, and from the order denying the motion this appeal is taken.

The order was granted upon the affidavit of one of the plaintiffs, who swore that the plaintiffs were merchants, residing and doing business in the city of New York, and that the defendant, in January, 1891, was a merchant doing business in the city of Mexico, but that he was informed and believed that the defendant had left the city of Mexico, and was, at the time of making the affidavit, in the city of New York; that in said month of January, the plaintiffs and defendant entered into an agreement in writing, signed by them, which was in the plaintiffs' possession, and ready to be produced, by which it was provided that the defendant should become the sole agent in the republic of Mexico for the plaintiffs for the sale of certain merchandise; and that the plaintiffs, upon receipt of orders from

the defendant, should ship merchandise, which the defendant was to receive and account for, at certain prices therein named, and to render separate accounts of sales for every shipment, and to remit to them the amount due for the merchandise as soon as sold, whether the purchase-price had been received for said merchandise or not, the defendant taking the risk of all sales; and that in pursuance of this agreement, during the year 1891, and the months of April, May and August, the plaintiffs made four shipments, amounting to the sum of $3,380.55, including a sum advanced by the plaintiffs for freight upon the merchandise; that the defendant was entitled to a credit of $152.73 for the balance due him on account of previous shipments, leaving $3,227.82 due the plaintiffs, no part of which had been paid.

The affidavit further stated that the defendant was to receive in consideration of his services, one-half of the net profits which might be realized upon the merchandise over and above the prices named, after deducting freight, duties and other actual charges; that the defendant received all of said merchandise prior to October 1, 1891, and acknowledged the receipt thereof by letters addressed to the plaintiffs, and which they received in due course, and then had in their possession.

The affiant further stated that the defendant never made any remittance or payments on account of the merchandise and was entitled to no credit except as above mentioned; and that by letter dated October 7, 1891, the defendant wrote to the plaintiffs that he had given up his business and had transferred this merchandise to make the firm of J. M. Gaston & Co., of that city. And then follows the legal conclusion that the defendant had no right or authority to make such transfer; and the allegation that the plaintiffs had since received a letter from said firm of Gaston & Co., to whom the defendant said he had transferred said goods, in which they say that the defendant, before his departure from Mexico, and prior to his transfer to them, hypothecated all of said merchandise to the Bank of London and Mexico as security for a loan to him of $5,000, and that said firm could not account to plaintiffs for the proceeds of any of said merchandise until said loans were paid; that defendant has never rendered any account in respect to said merchandise except the statement that he had turned the same over to Gaston & Co.;

that he had been several times to the city of New York, but had never called upon plaintiffs or reported to them in any way, and is now in the city of New York, but is endeavoring to conceal his presence in said city from the plaintiffs ; and that deponent believed the information received from Gaston & Co. to be true, and that the merchandise was received by the defendant in a fiduciary capacity and that he had wrongfully converted the same to the plaintiffs' damage to the amount of $5,000.

It is urged upon the part of the defendant that the motion to vacate the order of arrest should have been granted because many of the material allegations of the affidavit upon which the order of arrest was founded were made upon information and belief, and derived from documents which were not produced, and that the allegations in the affidavit are simply conclusions, derived from an inspection of these documents, which it is the province of the court to draw and not of the affiant.

Upon the other hand, it is claimed by the respondents that the affidavit is not upon information and belief, nearly all the essential facts being within the knowledge of the affiant, and are stated positively. It is asserted that the making of the agreement, the shipping of the merchandise, *the receipt thereof by the defendant,* and the acknowledgment of such receipt were *all* within the knowledge of the plaintiff who made the affidavit. How the affiant, at New York, had personal knowledge of the receipt of these goods in Mexico it is somewhat difficult to imagine. It may be that he believes they were received because he believes himself to have been informed by a letter of the defendant that he had received them, but he clearly had no personal knowledge of the fact. The only information that he claims to have had upon that point is the letter of the defendant acknowledging its receipt. Now, it is clear that if he was testifying upon the stand as a witness with respect to the receipt of these goods, he could not be heard to open his mouth without the production of the letter or accounting for its loss.

Hence, when we consider the difference between the allegations of a complaint and an affidavit, the former being allegations of fact to be supported by evidence to be subsequently given if not admitted, and the other furnishing the evidence to the court from which it can draw its own conclusions, it is apparent that allegations

of this character, without the production of the proof, have no probative force whatever.

It is undoubtedly true that plaintiffs had personal knowledge that no account had been rendered, but as to the transfer and conversion of the property, the whole allegation is based upon correspondence not a particle of which is produced.

Now, whether this correspondence bears out the construction which is placed upon it by the plaintiffs is for the court to determine and not the plaintiffs. These facts have been so frequently pointed out by this court that it seems hardly necessary to discuss them further.

In the case of *Tim* v. *Smith* (93 N. Y. 91) it was held that the affidavit of an attorney as to facts necessary to establish the validity of an attachment was wholly insufficient, the court saying : " It is difficult to see how an attorney can acquire such knowledge of the several facts required to be proved on this motion as entitles him to give legal evidence of their existence," the court then expressly recognizing that an affidavit, unless it contains legal evidence of the existence of the facts to be established, is a nullity.

Applying this test to the affidavit in question, it is apparent that it does not at all comply with the rule.

We think that the order was wrong and should be reversed, with ten dollars costs and disbursements, and the motion granted.

O'BRIEN and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion granted.