## HART v. GRANT.

1. An affidavit for an order of arrest must either be positive, or upon information and belief; and where a material part thereof is made upon informtion and belief, the facts upon which the information and belief are founded must be stated. Comp. Laws, Sec. 4947.

2. An affidavit which asserts that the facts are stated upon the personal knowledge of the affiant, but which, from the facts detailed, must necessarily have been stated upon information and belief, and the grounds of such information and belief are not given, is insufficient to support an order of arrest.

3. To authorize an order of arrest, the plaintiff must allege, in his complaint and affidavit, where the cause of arrest is identical with the cause of action, facts which will, *prima facie*, justify the making of the order.

4. The complaint and order in this case examined, and *held* insufficient to sustain the order of arrest.

(Syllabus by the court. Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Lyman county. Hon. D. HANEY, Judge.

Action by R. B. Hart against G. S. Grant, to recover money belonging to plaintiff, alleged to have been obtained by defendant from one Thompson, by false pretenses, and converted to defendant's use. From an order vacating an order of arrest, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Morrow & Wright,* for appellant.

States whose constitutions forbid imprisonment for debts originating in contract, authorize and sustain it in actions growing out of fraud. Stimson's Am. Stat. Law, § 80; Long v. McLean, 88 No. Car. 3; *Ex parte* Hardy, 68 Ala. 303; McKindley v. Rising, 28 Ill. 337.

Where the cause of arrest is identical with the cause of action, the order of arrest should not be vacated unless it appear with reasonable certainty that plaintiff could not recover in the action. McClure v. Levy, 22 N. Y. Sup. 1006; 68 Hun. 525. Where it does not clearly appear from the affidavits used on a motion to vacate an order of arrest of defendant, in an action for false imprisonment of plaintiff on a criminal charge, that defendant had reasonable grounds for believing that plaintiff was the person who committed the crime, the motion to vacate will be denied, and the question will be left to be determined at the trial. Tupper v. Morin, 12 N. Y. Sup. 310. Where the right to arrest the defendant is derived from the nature of the action, the defendant will not be allowed on motion to discharge from arrest to introduce affidavits to show that there is no cause of action. Abbott's N. Y. Digest. Vol. 1, §§ 289, 296, 297. Only the clearest proof that plaintiff cannot recover any part of the sum will justify the discharge from arrest. Id. §§ 299, 300; Republic of Mexico v. de Arangoiz, 5 Duer (N. Y.) 641. See, also, Warner v. Bates, (Wis.) 43 N. W. Rep. 963; Moffat v. Fulton (N. Y.) 30 N. E. Rep. 994.

*Edwin Greene,* for respondent.

The affidavit must be positive or upon information and belief, and when upon information and belief, it must state the facts upon which the information and belief are founded. Comp. Laws, § 4947; Finlay v. Castroverde, 22 N. Y. Sup. 716; S. C. 68 Hun. 59. An affidavit used as the basis of a writ which will deprive a person of his liberty must be of the same legal quality as evidence as would be required on the trial to

establish the facts upon which the arrest is based. Sheridan v. Briggs, 19 N. W. Rep. 189. See, also, Markey v. Diamond, 20 N. Y. Sup. 847; *In re* Ainrich, 26 Pac. Rep. 528; Johnson v. Marton *et al.*, 53 N. W. Rep. 816.

CORSON, P. J. Appeal by the plaintiff from an order vacating an order of arrest. The order of arrest vacated in this case was made upon the complaint and affidavit of plaintiff. The affidavit, which states subtantially the same facts alleged in the complaint, is, omitting the formal parts, as follows: "That the defendant in the foregoing described action, G. S. Grant, is justly indebted to him in the sum of two hundred and sixty-nine dollars and ninety-six cents ($269.96), with interest thereon from the 29th day of June, A. D. 1894, at the rate of seven per centum per annum. And that such indebtedness, which the said G. S. Grant refuses to pay to this affiant, originated and was incurred in the following manner: One J. Leslie Thompson, being indebted to affiant in the amount named ($269.96), the said Grant wrongfully, fraudulently and falsely represented to him, the said Thompson, that he, the said Grant had been authorized by this affiant to receive the said sum of money, when in truth and in fact neither this affiant nor any one for him, had authorized the said Grant, either directly or indirectly, to receive the said sum or any part thereof. And that the said Thompson, acting upon the representations of the said Grant that he was authorized to receive the same, paid and turned the said sum of money over to him, the said Grant. And that, coming possessed of the said sum of money, in manner and form as just stated, he, the said defendant, G. S. Grant had wrongfully and fraudulently detained and converted the same to his own use and benefit. And that the foregoing facts are stated upon the personal knowledge of affiant. Wherefore affiant prays that the defendant be arrested and held under bail as provided by law in such cases." The ground of the motion to vacate the order was that there was no legal justification for

such order; and the motion was made upon the files, papers and orders in the case, and the affidavits of the defendant and one J. Leslie Thompson. It does not appear, from the vacating order made by the court, upon what ground that order was made. The appellant assigns two errors, as follows: ''First, the cause of action did not arise out of, nor was it founded upon, a contract, but originated through the false and fraudulent representations of defendant; second, the cause of arrest is identical with the cause of action, and it does not clearly appear from the affidavits and pleadings that plaintiff cannot recover upon the final hearing.''

The learned counsel for appellant contend that the affidavit upon which the order of arrest was made, stating, as it does, that the facts were within the personal knowledge of the plaintiff, was sufficient to sustain the order of arrest, and that the court committed error in vacating the order, as it did not clearly appear from defendant's affidavit that the plaintiff could not recover in the final hearing. But it is insisted by the respondent that the affidavit upon which the order of arrest was made was insufficient to justify the order, for the reason that the facts, though asserted in the affidavit to have been made upon the plaintiff's own personal knowledge, must, nevertheless, have necessarily been made upon his information and belief, and that the facts upon which such information and belief were founded were not stated in the affidavit, as required by Sec. 4947, Comp. Laws. It is quite evident from the nature of the transaction, that the plaintiff could have had no personal knowledge of the representations made by the defendant to Thompson, or of the payment of the money by Thompson, or of the conversion of the money by the defendant. If the plaintiff was actually present when the alleged false representations were made by the defendant to said Thompson, it would have been his duty then and there to have notified Thompson of their falsity; and it is reasonable to presume that, had he been present and made objection the money would not have been paid over by Thompson to de-

fendant. If he was not present when the alleged representations were made by the defendant to Thompson and the money paid over by Thompson, he could have had no personal knowledge of the facts. It is quite clear, therefore, that the plaintiff incorrectly assumed that, as he had been informed of these facts, and believed them, they were within his own personal knowledge. But such an assumption is not permissible in an affidavit for arrest. If the facts stated are not, in fact, within the actual knowledge of the plaintiff, but are stated upon information and belief, he should so state in his affidavit, stating also the facts upon which his information and belief are founded. Finlay v. Castroverde, 25 N. Y. Supp. 716, 68 Hun. 59, Sheridan v. Briggs, (Mich.) 19 N. W, 189. An affidavit, though stating the facts as within the personal knowledge of the plaintiff, when clearly they are not, is insufficient to sustain an order of arrest.

But, if the court should be in error in its conclusion that the affidavit was insufficient in form to sustain the order of arrest, there seems to be a further ground which fully justified the court below in making its order, and that is that the complaint and affidavit fail to state a cause of action upon which the plaintiff was entitled to the order of arrest. It is well settled that, to authorize an order of arrest, the plaintiff must state, in his complaint and affidavit, where the cause of arrest is identical with the cause of action, facts which will, *prima facie*, justify the making of the order. The appellant claims that the order of arrest was made under the provisions of Subdivision 4, Sec. 4945, Comp. Laws, which reads as follows: "(4) When the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought or in concealing or disposing of the property for the taking, detention or conversion of which the action is brought, or when the action is brought to recover damages for fraud or deceit." It will be observed that, under this subdivision, the defendant may be arrested "when he has been guilty of a fraud

in contracting the debt, or incurring the obligation." It would seem that, by a fair construction, the fraud contemplated by the subdivision which will constitute a cause for arrest is a fraud perpetrated upon the person with whom the debt is contracted, or upon the person to whom the liability is incurred, or their duly-authorized agent. It must be a fraud practiced upon the complaining party or his agent, by means of which such party will be directly affected, and by which he is wrongfully deprived of his money or property. It would seem that no such construction should be given to this provision as would enable a person to avail himself of a fraud committed upon a third person not the agent of the complaining party, and which does not necessarily affect such complaining party or his property. As will have been observed, it appears from plaintiff's complaint that the fraud complained of was committed, not upon the plaintiff or his agent, but upon one J. Leslie Thompson, who was induced by the fraudulent representations of the defendant to pay over to him the money due from him (Thompson) to the plaintiff, and which the defendant had no authority from the plaintiff to collect or receive. Taking these facts as true, Thompson is the only party injured by the fraud, as he is still liable to the plaintiff for the amount of his indebtedness to him. His payment of the money due to plaintiff to one not authorized to collect or receive it can in no manner affect the plaintiff's right to his money, or constitute any defense by Thompson to an action by the plaintiff to recover the same. Had the defendant, by fraudulent representations made to the plaintiff, obtained an order or other authority to collect the money from Thompson, and by virtue of such authority collected it, in such manner as to relieve Thompson from further liability to the plaintiff, or had the defendant, having authority from the plaintiff to collect money, collected it and converted it to his own use, plaintiff might have had a cause of action against him; but no such case is presented by this complaint.

It is difficult to discover any principle of law upon which the order of arrest can be sustained. If the action is based

upon the fraud committed upon J. Leslie Thompson, he, and not the plaintiff, would be the party entitled to recover for that fraud. If the action is based upon the conversion of the money by the defendant, the plaintiff cannot recover, as, under the facts stated, the money converted was the money of J. Leslie Thompson, wrongfully obtained from him, and not the money of the plaintiff. If the cause of action arose through false and fraudulent representations of the defendant, to whom were those false and fraudulent representations made? Certainly not to the plaintiff in this action, or to any agent of his, as it is not claimed by the appellant that J. Leslie Thompson sustained to the plaintiff the relation of an agent. If no contract relations existed between the plaintiff and defendant, no right of action could accrue to the plaintiff for fraudulent representations made to Thompson, and through which the defendant wrongfully obtained money from Thompson. Ordinarily when an order of arrest has been granted in an action in which the cause of arrest is identical with the cause of action, it should not be vacated, if there is evidence before the court tending to sustain the allegations of the complaint which constitute a ground of arrest, and it is not made to appear, with reasonable certainty, that the plaintiff cannot recover in the action. McClure v. Levy (Sup.), 22 N. Y. Supp. 1006; Tupper v. Morin (Sup.), 12 N. Y. Supp. 310. But, under the facts stated in the plaintiff's complaint and affidavit, it does clearly appear that the plaintiff cannot recover in this action, though he should establish the facts alleged in such complaint and affidavit on the trial. These conclusions render it unnecessary to discuss the affidavits read, on the hearing of the motion to vacate, on the part of the defendant, and rebutting affidavits on the part of the plaintiff. The order of the court below, vacating the order of arrest, is affirmed.

HANEY, J., took no part in the decision.