(97 N. W. Rep. 548.)

---

STATE OF NORTH DAKOTA, EX REL GEORGE M. REGISTER, *v.* ARTHUR E. McGAHEY, THE NORTHERN PACIFIC RAILWAY CO., THE MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

Opinion filed January 12, 1904

**Criminal Contempt—Knowledge of Process Resisted.**

1. Resistance willfully offered by any person to the lawful order of the court is punishable as a criminal contempt, under subdivision 4, section 5932, Rev. Codes 1899. One cannot be convicted under this statute of the willful resistance of a search warrant of which he had no notice or knowledge at the time the resistance was made.

**Order Resisted Must Be Lawful.**

2. The order or process of the court, resistance of which, when willfully offered, is punishable as a contempt, must be a "lawful order or process." Consequently resistance of an order or warrant for search, void for want of authority in the court to issue it, is not punishable as a contempt.

**Affidavit on Information and Belief.**

3. In actions for the abatement of liquor nuisances, a search warrant may issue "if an affidavit shall be presented to the court or judge, stating or showing that intoxicating liquor, particularly describing it, is kept for sale, or is sold, bartered or given away on the premises, particularly describing the same, where said nuisance is located." An affidavit made upon information and belief, and not otherwise corroborated, does not "state or show" the facts required, and confers no jurisdiction upon the court to issue a search warrant, under section 7605, Rev. Codes 1899.

Appeal from District Court, Burleigh county; *Winchester, J.* Arthur E. McGahey was convicted of contempt, and appeals. Reversed.

*J. G. Hamilton* and *A. T. Patterson* (*Tracy R. Bangs*, of counsel), for appellant.

Contempt cannot be charged for resisting void process. The resistance must be predicated and have its foundation upon lawful process. 2 High on Injunctions, 1425.

Disobedience of an order of court not authorized by law is not contempt. *Lester* v. *People,* 150 Ill. 408, 23 N. E. Rep. 387; *In re McCain,* 68 N. W. Rep. 163. ₀

If the writ in whole or in part is beyond the power of the court, or soin excess cmuh as is of jurisdiction, is void, the court has no right to punish for contempt of its requirements. *Ex parte Rowlund et al.,* 104 U. S. 579, 25 L. Ed. 861; *Ex parte in re Lange,* 18 Wall. 165, 21 L. Ed. 872; *Ex parte Parks,* 93 U. S. 22, 23 L. Ed. 787; *Ex parte Seibold,* 100 U. S. 371, 25 L. Ed. 717; *Ex parte Virginia,* 25 L. Ed. 676.

To constitute the offense of resisting an officer, the process must be legal, and the officer authorized in law to serve or execute it. *Brown* v. *People,* 17 Ill. 374; *State* v. *Estis,* 70 Mo. 427; *State* v. *Hooker,* 17 Vt. 658; *People* v. *Nash,* 1 Idaho, 206; *State* v. *Flagg,* 50 N. H. 330; *State* v. *Beason,* 40 N. H. 367; *Bowers* v. *People,* 17 Ill. 373; *State* v. *Hooker, supra; U. S.* v. *Stowell,* 2 Curtis, C. C.

155; *Keenan* v. *People,* 58 Ill. App. 191; *People* v. *O'Neill,* 47 Cal. 109; *Walton* v. *Develing,* 61 Ill. 201; *Lester* v. *People,* 23 N. E. Rep. 387.

Where the court has no jurisdiction, no contempt in disobedience or resistance. *McKinney* v. *Frankfort and State Line Co., et al,* 38 N. E. Rep. 170, 39 N. E. Rep. 500; *Call* v. *Pike,* 66 Me. 360; *St. Louis, K. & S. R. C.* v. *Wear,* 36 S. W. Rep. 357; *Ex parte Gardner,* 22 Nev. 280, 39 Pac. Rep. 570; *Bachelder* v. *Moore,* 42 Cal. 412; *State* v. *Davis,* 2 N. D. 461, 51 N. W. Rep. 942; *Harris* v. *Clark,* 10 How. Pr. 415.

Accusations for contempt must be supported by evidence sufficient to convince the mind of another beyond a reasonable doubt of the actual guilt of the accused. *U. S.* v. *Jose,* 63 Fed. 951; *Potter* v. *Pow,* 16 How. Pr. 549; *Woodruff* v. *North Bloomfield Gravel Min. Co.,* 45 Fed. 793; *Weeks* v. *Smith,* 3 Abb. Pr. 211; *In re Buckley,* 10 Pac. Rep. 69; *In re Taylor,* 10 Pac. Rep. 88; *State* v. *District Court, Fourteenth Judicial District, Minnesota,* 52 N. W. Rep. 831; *People* v. *Brennan,* 45 Barb. 347.

The affidavit served with the papers fails to conform to section 7605 of the Rev. Codes. It does not show that intoxicating liquors were sold, kept for sale, bartered or given away on the premises where a nuisance is alleged on information and belief to have been conducted contrary to law. It does not specifically, particularly and carefully designate the premises to be searched. It does not allege the reasonable cause for search. 3 Woods. 502; *Bly* v. *Tomkins,* 2 Abb. Pr. 468; *Vanatta* v. *State,* 31 Ind. 310.

A search warrant is only granted, after a showing, under oath, that a crime has been committed. *Lippman* v. *People,* 51 N. E. Rep. 872; Cooley on Const. Lim. (6th Ed.) 368.

Affidavit must show probable cause arising from the facts within affiant's knowledge, and must exhibit the facts upon which the belief is based. *U. S.* v. *Turead,* 20 Fed. 621; *Johnson* v. *U. S.,* 30 C. C. A. 612, 87 Fed. Rep. 187.

The warrant is not allowed to obtain evidence of an intended crime, but only after lawful evidence of an offense actually committed. Cooley Const. Lim. Law. 370; *Boyd* v. *U. S.,* 116 U. S. 616, 29 L. Ed. 746, 6 Sup. Ct. Rep. 524; *Commonwealth* v. *Dana,* 2 Met. 329; *Glennon* v. *Britton,* 40 N. E. Rep. 594.

The constitutional right to be secure against unreasonable searches and seizures is not violated by the seizure under a warrant of re-

quisition based upon a forged certificate, the search being made upon probable cause, supported by affidavit, since the public has an interest in preventing the use of such warrant. *Langdon* v. *People,* 24 N. E. Rep. 877; *Boyd* v. *U. S., supra; State* v. *Thoemke,* 11 N. D. 386, 92 N. W. Rep. 480; *O'Keefe* v. *State,* 24 O. St. 175; *State* v. *Kreig,* 13 Ia. 462; *State* v. *Waltz,* 38 N. W. Rep. 494.

An affidavit on information and belief is insufficient to support a warrant of arrest in insolvency proceedings. *Koeppler* v. *Red River Valley Nat'l Bank,* 8 N. D. 406, 79 N. W. Rep. 869, and cases cited. *Fisher* v. *McGarr,* 61 Amer. Dec. 382.

Search warrants should be construed strictly. *Larthel* v. *Forgay,* 46 Am. Dec. 554; *Sanford* v. *Nichols et al,* 13 Mass. 286; *Commonwealth* v. *Intoxicating Liquors,* 109 Mass. 371; *Commonwealth* v. *Intoxicating Liquors,* 115 Mass. 145; *State* v. *Robinson,* 33 Me. 564; *Jones* v. *Fletcher,* 41 Me. 254; *State* v. *Staples,* 37 Me. 228; *State* v. *Carter,* 39 Me. 262; *Sullivan* v. *City of Oneida,* 61 Ill. 242.

Search warrants to be valid, the court must have jurisdiction to issue; there must be a strict compliance with the essentials of the statute, and the warrant must accurately describe the person, the place to be searched and the things to be seized. *Reed* v. *Rice,* 2 J. J. Marsh, 44; *Jones* v. *Fletcher,* 41 Me. 254; *Sanford* v. *Nichols,* 13 Mass. 286; *Flaherty* v. *Langley,* 62 Me. 420; *Grumon* v. *Raymond,* 1 Conn. 40; *Ashley* v. *Peterson,* 25 Wis. 621; *State* v. *Markuson,* 7 N. D. 155, 73 N. W. Rep. 82.

*Geo. M. Register,* state's attorney, and *F. H. Register,* for the respondent.

The injunctional order issued in this action was based upon a sufficient affidavit and complaint, and was, therefore, properly issued. Section 7605, Rev. Codes 1899.

This section expressly provides "that the affidavit, complaint or both, may be made by the state's attorney, attorney general or his assistants upon information and belief, and no bond shall be required." The affidavit of George M. Register made in this action upon which the search warrant was issued, complied with all the requirements of the above section. This affidavit shows and states that the defendants kept for sale and illegally sold intoxicating liquors, consisting in part of whisky and beer, on the premises particularly set out therein and in the search warrant, in the Northwest Hotel situated in the city of Bismarck, in that part of the

basement thereof under the east wing of said hotel east of the barber shop therein and north of the hall in the basement thereof, running east from the near foot of the stairway leading into said basement from the office or lobby of said hotel. The above description is sufficient. *Lowry* v. *Gridley,* 30 Conn. 450.

Probable cause is defined to be, such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty. Anderson's Law Dictionary, 157 ;. *Bacon* v. *Towne,* 4 Cush. 238 ; *Heyne* v. *Blair,* 62 N. Y. 22 ; *Stacey* v. *Emery,* 97 U. S. 647, 24 L. Ed. 1035 ; *Wheeler* v. *Nesbitt.* 24 How. 551, 16 L. Ed. 765 ; 2 Bouvier's Law Dictionary, 467..

The description of the property searched was as precise and accurate as the circumstances permitted, and this is all that is required. Black on Intoxicating Liquors, 408 ; *State* v. *Thompson,* 44 Iowa 339. .

That the complaint was verified upon information and belief does not detract from its strength. This form is permitted in all cases by the attorney of the party to an action in this state. Such a complaint before a magistrate will authorize him to issue his warrant. of arrest thereon. *State* v. *Hobbs,* 39 Me. 212.

Complaint is not required to allege that the complainant has probable cause to believe; it is sufficient to allege that he does in fact. believe that intoxicating liquors are kept by a person in violation of law. *State* v. *Welch,* 79 Me. 99 ; *State* v. *Devine,* 13 Atl. Rep. 128 ; *Commonwealth* v. *Certain Intoxicating Liquors,* 110 Mass. 182 ; *State* v. *Nowlan,* 64 Me. 531.

The complaint itself may be considered as an affidavit. *Harris* v.. *Lester,* 80 Ill. 311 ; *Baker* v. *Williams,* 12 Barb. 557 ; *Barnes* v. *Doyle,* 28 Wis. 463 ; *State* v. *Davie,* 22 N. W. Rep. 411 ; *Commonwealth* v. *Leddy,* 105 Mass. 381.

Reasonable searches are allowed, and if the thing sought is found it may be seized. *Boyd* v. *U. S.,* 116 U. S. 616, 29 L. Ed. 746 ;. *Commonwealth* v. *Dana,* 2 Met. 329 ; *Glennon* v. *Britton,* 40 N. E.. Rep. 594 ; *Co-operative Building and Loan Association et al* v. *State,* 60 N. E. Rep. 146 ; *Shuman* v. *City of Ft. Wayne,* 26 N. E.. Rep. 560 ; *Levy* v. *Superior Court of City and County of San Francisco,* 38 Pac. Rep. 965 ; *Langdon* v. *People,* 138 Ill. 382, 24 N. E.. Rep. 874 ; *Gindrat* v. *People,* 138 Ill. 103, 27 N. E. Rep. 1085 ; *State* v. *Mayhew,* 2 Gil. 487 ; *State* v. *Newman,* 96 Wis. 258, 71 N. W..

Rep. 438; *In re Chapman,* 166 U. S. 661, 17 Sup. Ct. Rep. 677; *Boston Beer Co.* v. *Mass.,* 97 U. S. 25, 24 L. Ed. 989; *Bartmeyer* v. *Iowa,* 18 Wall. 129, 21 L. Ed. 929; *U. S.* v. *Distillery No. 28,* 6 Biss. 484; *The Luminary,* 8 Wheat. 407, 5 L. Ed. 647; *Henderson's Distilled Spirits,* 14 Wall. 44, 20 L. Ed. 815.

The disobedience of any order, judgment or decree of a court having jurisdiction to issue it, is a contempt of court, however erroneous or improvident the issuing of it may have been. *In re Cohen,* 5 Cal. 594; *Tilton* v. *Paterson,* 18 Abb. Pr. 245; Rapalje on Contempt, 19.

If a court having jurisdiction should issue an improper order, it is obligatory until reversed by an appellate court, and parties may be punished for disobedience or resistance to such order. *Sullivan* v. *Judah,* 4 Paige 442; *Moat* v. *Halbein,* 2 Edw. (Ch.) 188; *People* v. *Bergen,* 53 N. Y. 404; *Franklin* v. *Smith,* 49 Ga. 112; *Smith* v. *Fitch,* 1 Clark (N. Y.) 265; *Rutherford* v. *Metcalf,* 5 Hayw. 58 (Tenn.).

If the order is void for want of jurisdiction, disobedience of it is not contempt of court. *Harris* v. *Haines,* 35 Mich. 138; *People* v. *Sturdevant,* 9 N. Y. 263.

Whoever unlawfully interferes with property or officers and agents of the court in possession and management of it, are guilty of contempt of court. *In re Higgins,* 27 Fed. 443. An erroneous order must be questioned by direct proceedings to review it and not by disobedience. *Forest* v. *Price,* 52 N. J. Eq. 16; *Arctic Fire Ins. Co.* v. *Hicks,* 7 Abbott's Pr. 204; *People* v. *Grant,* 13 Civ. Proc. R. 305.

One having actual notice of an injunction will be bound thereby although the same is not served upon him. *Bull* v. *Thomas,* 3 Edw. (Ch.) N. Y. 236; *Ewing* v. *Johnson,* 34 How. Pr. 202; *Waffle* v. *Vanderheyden,* 8 Paige 45; *Ramstock* v. *Roth,* 18 Wis. 522; *Hull* v. *Thomas,* 3 Edw. 236; *Thebault* v. *Canova,* 11 Fla. 143.

Appearing and answering as to the merits on a charge of contempt will prevent an attack from lack of jurisdiction of the person on a decision that the party is in contempt. *Ex parte Keeler,* 31 Law. Rep. An. 678; *Eilenbecker* v. *Plymouth Co. Dist.,* 134 U. S. 31, 10 Sup. Ct. Rep. 424; *Lawton* v. *Steele,* 152 U. S. 133, 14 Sup. Ct. Rep. 499; *Callan* v. *Wilson,* 127 U. S. 540, 8 Sup. Ct. Rep. 1301; *In re Doolittle,* 23 Fed. 544; *Albertson* v. *The P. I. Nevius,* 48 Fed. 927

COCHRANE, J.  Appellant, after hearing, was adjudged guilty of contempt, in that "he willfully resisted the execution of a search. warrant (described), and willfully resisted George A. Welch, sher·iff of Burleigh county, in making search of the premises, particularly described in said search warrant, in the basement of the Northwest Hotel, in Bismarck, in said Burleigh county," and was sentenced. to thirty days' imprisonment in the county jail, and to pay a fine of $200, and, in case the fine was not paid, then to thirty days' additional imprisonment after the expiration of the first thirty days. He appeals from the judgment.  The search warrant, the execution of which he was convicted of resisting, was issued in aid of an equitable action to abate an alleged liquor nuisance, begun by the state's attorney ·of Burleigh county, under the provisions of section 7605, Rev. Codes 1899, in which action appellant was named. as one of the defendants.  The complaint in the action was verified. by the affidavit of the state's attorney, to the effect "that the same· is true, to his best knowledge, information, and belief."  The affidavit for search warrant was also made by George M. Register,. state's attorney, and its averments are all made on information and belief, and none of them are sworn to positively.  Upon this. hearsay foundation an alleged search warrant was issued by the· court, directed and delivered to the sheriff of the county, reciting the papers upon which it was based, and commanding the sheriff at the time of serving the injunction to diligently search the premises described, and carefully invoice the articles found therein. and if, upon such search, intoxicating liquors of any kind should be found, to take the same into his custody, and securely hold the same· to abide the final order or judgment in the action, and also to take· and hold possession of the described premises, and keep the same· closed, until final judgment in the action.  The sheriff on the night of January 31, 1903, entered a room in the basement of the North-· west Hotel for the purpose of serving the papers in this case upon the defendants named, and otherwise performing the commands of the search warrant.  The sheriff thus describes what occurred :· "I found the defendant McGahey in one of the rooms of the base-ment—the third room from the barber shop, east.  He was standing· alongside the table.  There were some bottles partly filled with Val Blatz beer.  I reached for a bottle of beer, and took it in my hand. The defendant knocked a glass of beer from the table with one hand, and grabbed the bottle with his other hand, and tried to take:

this bottle away from me. We both had hold of the bottle, and wrestled for possession for some little time, over chairs, tables, and whatever was in the way. I finally got possession of the bottle. I told him several times to let go of the bottle. I told him I would have him arrested. He did not say anything to me at all. I served the summons, complaint, affidavit, injunctional order, and search warrant there after the scuffling was done. From the time I made service of the papers upon McGahey, and until he went out of the basement, he did not do anything—only stand around and talk—and refused to leave the place."

The defendant, in answer to interrogatories propounded to him in the contempt proceedings, testified: That he knew George A. Welch had been elected sheriff of Burleigh county, and had been acting as such since January 5, 1903. That he was served by said sheriff with copies of the summons and complaint, affidavit, injunctional order and search warrant on the night in question, after and not before, the supposed resistance testified to by Mr. Welch. That Mr. Welch began to search before he served any papers of any kind, and served the papers after the alleged resistance, when defendant said to him, " 'If you have a right to search this place, where is your warrant?' Then he handed me the papers, and I took them and placed them on the table." That he did not know that the sheriff had authority to search the premises, and to seize and take into his possession intoxicating liquors found upon the premises. There was a bottle on the table, and both the sheriff and defendant reached for it at the same time. Defendant did not then know that Mr. Welch had any right to the possession of it, as he had shown no papers, nor read any; and defendant testified: "I did not know he was acting in the capacity of sheriff of Burleigh county at that time, and he did not so state to me. Some of the contents of the bottle spilled in my effort to retain possession of it." Appellant did not interfere with or resist the officer in the search after being made aware by the sheriff that he was armed with, and attempting to execute, a search warrant. None of these statements of the defendant were contradicted. The record clearly shows that appellant, at the time of the acts charged to him as a contempt, was in a room in the Northwest Hotel, which the complaint alleges he, with another, "kept, used and maintained," and therefore a place where he had a right to be for all lawful purposes, and a place the sheriff had no right to enter,

unless on invitation, or, unless authorized by legal process, neither of which had been furnished him; that the sheriff entered this room, and sought to take possession of a bottle on the table, without showing that he had any right to enter or to interfere with anything in the room. Appellant naturally resisted this seeming trespass, and exhibited as strong a desire for and hold upon the Val Blatz as did the sheriff, until the law officer wrested it from the possession of appellant; and then appellant was notified that the sheriff was acting officially in the discharge of duty, when all interference on the part of appellant ceased. The acts constituting criminal contempt are classified in section 5932, Rev. Codes 1899; and the acts of appellant, found to be a contempt in this case, unless within the terms of subdivision 4 of this section, are not punishable as such. The statute reads as follows: "Every court of record shall have power to punish as for a criminal contempt persons guilty of any of the following acts and no other: * * * Subd. 4. Resistance willfully offered by any person to the lawful order or process of the court." The other subdivisions of this section can have no application to the facts of this case; so, if the appellant has not violated the subdivision quoted, his conviction was erroneous and must be reversed.

Assuming, for the purposes of this opinion, that a search warrant is an "order or process of the court," within the meaning of this statute, the resistance of which may be punishable, as a contempt, when it is willfully offered, and when the order or process is lawful, nevertheless the conviction in this case cannot be sustained. The resistance, under this statute, must have been willfully offered. The term "willful," when applied to the intent with which an act is done, implies a purpose or willingness to commit the act. Section 7713, Rev. Codes 1899; *Freeman* v. *City of Huron,* 8 S. D. 438, 66 N. W. 928. It goes without saying that one cannot form the purpose to resist an order or warrant of which he has no knowledge or notice whatever. The uncontradicted evidence in this case shows that appellant had no notice or knowledge that the sheriff was armed with the warrant when he seized and sought to retain possession of the bottle. The sheriff had not exhibited his warrant, or made any mention that he had one in his possession, or that he was acting under its authority. The resistance, therefore, was no resistance of the warrant, willfully made. *Horan* v. *State,* 7 Tex. App. 183; *Johnson* v. *State,* 26 Tex. 117; *U. S.* v. *Tinkle-*

*paugh,* 28 Fed. Cas. 193; *State* v. *Downer,* 8 Vt. 424, 30 Am. Dec.. 482; *State* v. *Carpenter,* 54 Vt. 551; *State* v. *Phipps,* 34 Mo. App.. 400.

The conviction in this case was erroneous for the further reason that the order or warrant which appellant is accused of having resisted was not a lawful order or warrant. It was issued without authority of law, and was wholly void. The only authority for a search warrant in actions to abate liquor nuisances is found in section 7605, Rev. Codes 1899. The pertinent portion of that section reads as follows: "The attorney general, his assistant, state's attorney, or any citizen of the county where such nuisance exists or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action in the usual manner of granting injunctions, except that the affidavit or complaint or both, may be made by the state's attorney, attorney general or his assistant upon information and belief; and no bond shall be required; and if an affidavit shall be presented to the court or judge, stating or showing that intoxicating liquor, particularly describing the same, is kept for sale, or is sold, bartered or given away on the premises, particularly describing the same, where said nuisance is located contrary to law, the court or judge must at the time of granting the injunction issue his warrant commanding the officer serving said writ of injunction, at the time of such service, to search diligently the premises and carefully invoice all the articles found therein, used in or about the carrying on of the unlawful business. * * * If such officer upon such search shall find upon such premises any intoxicating liquor or liquors of any kind, he shall take the same into his custody and securely hold the same to abide the final judgment in the action, and such officer shall also take and hold possession of all personal property found on such premises, and shall take and hold possession of such premises and keep the same closed until such final judgment." No authority is. found in this statute for the issuance of the search warrant unless. an affidavit is presented to the court "stating or showing that intoxicating liquor, particularly describing the same, is kept for sale." The affidavit presented to the court in this case did not state or show the required facts, but merely asserted that the state's attorney was informed and believed that the facts did exist. The affidavit is uncorroborated. It does not give the name of·

the person furnishing the information; makes no statement as to where or how the information and belief was obtained, or on what information his belief was founded, or whether it was such information as would inspire belief in the mind of a less credulous person. It is mere hearsay and opinion. Judge Cooley, for the Supreme Court of Michigan, thus characterized this form of accusation: "Charges are not verified by an affidavit that somebody is informed and believes they are true. This is mere evasion of the law. The most improbable stories may be believed of any one, and the man most free from any reasonable suspicion of guilt is not safe if he holds his freedom at the mercy of any man, miles off, who will swear that he has been informed and believes in his guilt. It is easy to tell falsehoods, and those who are least fitted to judge of their credibility are generally the very persons who will believe them because they are told. But to substantiate charges, within the meaning of the law, evidence is required, and not merely suspicions or information or beliefs." *Swart* v. *Kimball*, 43 Mich. 451, 5 N. W. 635. This court, in *Kaeppler* v. *Bank*, 8 N. D. 411, 79 N. W. 871, said: "As the application for the arrest is an *ex parte* proceeding, and as it is in derogation of personal liberty, the least that can be required is that the applicant make an undoubted *prima facie* case. Under well-settled general principles, this cannot be done, in the absence of statutory sanction, by an affidavit based upon information and belief, for the very evident reason that such affidavit is not competent evidence. It is mere hearsay. If the affiant were on the stand, he would not be permitted to testify to any such matter, and he certainly would be equally restricted in an *ex parte* affidavit, where he is subjected to no cross-examination; and so are the authorities." Such an affidavit is without statutory sanction. Upon the plainest rules of statutory construction, an affidavit for a search warrant is required to be made by one with knowledge of the facts, and by positive and unqualified statements of their existence. This is shown by the fact that the legislature, in the same clause of the statute, authorizes the issuance of an injunction and search warrant in one action, and at the same time, and provides that when the affidavit or complaint for injunction is made by the state's attorney, attorney general, or his assistant, it may be made on information and belief, but omits the affidavit for search warrant from mention in the proviso; thus

impliedly declaring that information and belief will not support a search warrant. Suth. Stat. Const. sections 325, 327.

It may well be doubted whether it is within the power of the legislature to authorize the issuance of search warrants upon mere affidavit or complaint made upon information and belief. The Constitution, section 18, declares: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized." Under a similar guaranty, the Supreme Court of Illinois have held it beyond the power of the legislature to authorize a search warrant to issue upon a complaint or affidavit which is merely hearsay. *Lippman* v. *People*, 175 Ill. 101, 51 N. E. 872. *In re Dana* (D. C.) 68 Fed. 895, it is said: "The fundamental requirements of the fourth amendment (of the federal Constitution, similar to section 18, *supra*) are that the facts and circumstances tending to show criminality shall be made to appear to the magistrate on oath, whether upon examination by the magistrate himself, or by affidavit or deposition, and that the magistrate must himself find in the facts thus shown sufficient probable cause, independent of the belief of other persons." In *Swart* v. *Kimball*, 43 Mich. 443, 5 N. W. 635, the court, in dealing with the complaint made upon information and belief, said: "The Constitution itself requires a showing of cause before a warrant shall issue. The arrest in this case would therefore have been unwarranted, even if the law had been valid. See, also, *State* v. *Davie*, 62 Wis. 305, 22 N. W. 411; *In re Rule of Court*, 20 Fed. Cas. No. 12,126. Under statutes requiring facts to be shown by affidavit as a condition precedent to the issuance of orders or the granting of specific relief, an affidavit of the matter, stated on information and belief of the party making it, will not be treated as a compliance with the statute. Such an affidavit will not support an injunction. *City of Atchison* v. *Bartholow*, 4 Kan. 124; *Roome* v. *Webb*, 3 How. Prac. 327; *Smith* v. *Reno*, 6 How. Prac. 124; *Hecker* v. *Mayor*, 23 How. Prac. 211; *Bostwick* v. *Elton*, 25 How. Prac. 362; *Woodruff* v. *Fisher*, 17 Barb. 224. It will not authorize an arrest in a civil case. *Kaeppler* v. *Bank*, 8 N. D. 406, 79 N. W. 869; *Hart* v. *Grant*, 8 S. D. 248, 66 N. W. 322; *Sheridan* v. *Briggs* (Mich.) 19 N. W. 189; *Shaw* v. *Ashford* (Mich.) 68 N. W. 281; *Ex parte Fkumoto*,

120 Cal. 316, 52 Pac. 726; *Ex parte Vinich,* 86 Cal. 70, 26 Pac. 528; *People* v. *Smith* (Sup.) 10 N. Y. Supp. 589; *Finlay* v. *De Castroverde* (Sup.) 22 N. Y. Supp. 716; *Ammon* v. *Kellar* (Sup.) 47 N. Y. Supp. 595. It will furnish no foundation upon which to build a proceeding for constructive contempt. *Freeman* v. *City of Huron,* 8 S. D. 435, 66 N. W. 928; *Thomas* v. *People,* 14 Colo. 254, 23 Pac. 326, 9 L. R. A. 569; *Young* v. *Cannon,* 2 Utah, 560; *Herdman* v. *State,* 54 Neb. 626, 74 N. W. 1097; *Batchelder* v. *Moore,* 42 Cal. 412. It will not sustain a warrant of arrest of one thus accused of crime. *State* v. *Boulter* (Wyo.) 39 Pac. 883; *Swart* v. *Kimball,* 43 Mich. 443, 5 N. W. 635; *Ex parte Dimmig* (Cal.) 15 Pac. 619; *People* v. *Heffron* (Mich.) 19 N. W. 170; *State* v. *Gleason,* 32 Kan. 250, 4 Pac. 363; *U. S.* v. *Turead* (C. C.) 20 Fed. 621; *U. S.* v. *Polite* (D. C.) 35 Fed. 59; *Johnson* v. *U. S.,* 87 Fed. 187, 30 C. C. A. 612. Neither can such an affidavit, made upon information and belief, furnish the basis for a search and seizure, in the face of the Constitution and statutory safeguards hereinbefore quoted. The affidavit for search warrant did not state or show the facts required by statute to be shown as a foundation for search warrant, and gave no jurisdiction to the court to issue it, and the warrant was therefore void. *State* v. *Wimbush,* 9 S. C. 309; *Fisher* v. *McGirr,* 61 Am. Dec. 381; *Hauss* v. *Kohlar,* 25 Kan. 640; *Curnow* v. *Kessler* (Mich.) 67 N. W. 982; *People* v. *Pratt,* 22 Hun. 300; *People* v. *Heffron* (Mich.) 19 N. W. 170; *Ex parte Dimmig* (Cal.) 15 Pac. 619; *State* v. *Davis,* 2 N. D. 461, 472, 51 N. W. 942. The warrant being void for want of authority in the court to issue it, resistance of it could not be a contempt, under the statute. *In re McCain,* 9 S. D. 57, 68 N. W. 163; *Chambers* v. *Oehler* (Iowa) 77 N. W. 853; *Com.* v. *Perkins* (Pa.) 16 Atl. 525, 2 L. R. A. 223; *State* v. *Milligan* (Wash.) 28 Pac. 369; *Schwartz* v. *Barry* (Mich.) 51 N. W. 279; *State* v. *Circuit Court* (Wis.) 73 N. W. 788; *Smith* v. *People* (Colo. App.) 29 Pac. 924; *Ex parte Fisk,* 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; *In re Ayers,* 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216; *Weber* v. *Weber,* (Wis.) 63 N. W. 757; *State* v. *Davis,* 2 N. D. 461-472, 51 N. W. 942.

The judgment appealed from is reversed. All concur.